GEORGE O'BLENIS, Respondent, *v.* WILLIAM KARING, Appellant.

In an action by a surety against his co-surety for contribution, the latter cannot defend by setting up, by way of counter-claim, recoupment or set-off, a cause of action existing in favor of the principal against the plaintiff.

*It seems* that, in such case, if the principal is insolvent, the defendant may commence an action in equity against the plaintiff and the principal, and have their accounts adjusted and the amount due the former applied so as to save himself from loss.

(Argued January 8, 1874; decided May term, 1874.)

PLAINTIFF and defendant were co-sureties upon a promissory note made by one Wagner. A judgment against all the parties to the note was obtained and execution issued, which was paid by plaintiff. Plaintiff thereupon brought this action against his co-surety for contribution. Defendant set up in his answer, among other things, that plaintiff was indebted to Wagner upon an account which he claimed should be applied. He also set forth an alleged agreement between Wagner and plaintiff, that certain services rendered by the former for the latter should be applied upon defendant's liability. As to the allowance of the unsettled account, *held,* as above. (See *Gillespie* v. *Torrance,* 25 N. Y., 306; *Springer* v. *Dwyer,* 50 id., 19.)

Upon the question of the agreement between the plaintiff and Wagner the testimony was conflicting. The referee found that there was no agreement that the account for services should be applied upon defendant's liability, but that it was agreed it should be applied upon the whole sum paid by plaintiff on the judgment. *Held*, that the evidence was sufficient to raise a question of fact, and even if there was no proof to sustain the latter part of the finding, defendant could not complain as it was beneficial to him, because without such a finding he would have received no benefit of these services.

The residue of the opinion was taken up in discussing the referee's findings upon the facts.

*E. B. Jenney* for the appellant.

*A. L. Johnson* for the respondent.

EARL, C., reads for affirmance.
All concur.
Judgment affirmed.