GILBERT N. HARDING, Respondent, *v.* WILLIAM I. TIFFT, Implcaded, etc., Appellant.

The right of a creditor, having two demands against his debtor, to apply a payment received from the latter to either, provided no direction is given, is not affected by equities existing between the debtor and a third person of which the creditor had no notice.

The mere fact that there is a surety for one of the debts does not preclude the creditor from applying a payment so received to the debt for which he has no security.

Where, therefore, in an action upon a promissory note indorsed by defendant for the accommodation of S. & H., defendant offered to prove that a sum of money paid by S. to plaintiff without direction as to application, and which was applied by plaintiff upon another note made by S. & H. held by him, was raised by the makers upon a note indorsed by defendant for the purpose of having the proceeds applied upon the note in suit. *Held.* that in the absence of proof, or of an offer to prove, that knowledge of this fact was communicated to plaintiff, the evidence was properly excluded

(Argued September 25, 1878; decided December 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was upon a promissory note for $500, made by defendants Skinkle & Howlet, and indorsed by defendant Tifft, for their accommodation. The answer set up a payment of $275.

The facts appear sufficiently in the opinion.

Opinion of the Court, per RAPALLO, J.

*D. A. King*, for appellant. It was error to exclude the evidence offered by defendant to show that the payment of $275, made in June, 1873, was raised by the use of appellant's name for the express purpose of applying it on the note in suit in discharge of his liability thereon. (*Stone* v. *Seymour*, 15 Wend., 19, 29; Story's Eq. Jur., § 59 *g*; 12 S. & R., 305.) A debtor cannot appropriate a payment so as to affect the relative rights of the sureties. (*Porter* v. *Stanley*, 47 Maine, 515; *Postmaster-General* v. *Norval*, Gilpin, 106; *Price* v. *Webster*, 30 Ga., 802; *Bridenbecker* v. *Lowel*, 32 Barb., 12, 22, 23; *Field* v. *Hollen*, 6 Cranch, 27; *Stone* v. *Seymour*, 15 Wend., 19; *Sawyer* v. *Tappan*, 14 N. H., 352, 356; *Thompson* v. *Phelan*, 22 id., 330 [11 F.], 339; *Merrimac Co. Bank* v. *Brown*, 12 N. Y., 321; *Wardel* v. *Howel*, 5 Wend., 170; *Farrington* v. *Frankfort Bk.*, 31 Barb., 173; *Stalker* v. *McDonald*, 6 Hill, 93; *Francia* v. *Joseph*, 3 Edw. Ch. Rep., 193; *Alcott* v. *Rathbone*, 6 Wend., 490; *Rose* v. *Brotherton*, 10 id., 86.) Plaintiff had sufficient notice to put him on inquiry as to defendant's equities. (*Brown* v. *Taber*, 5 Wend., 566; *Williamson* v. *Brown*, 15 N. Y., 354, 357, 358; *Hawly* v. *Cramer*, 4 Cow., 717; *Reed* v. *Gannon*, 50 N. Y., 345, 349, 350; *Baker* v. *Bliss*, 39 id., 70; *Farrington* v. *Frankfort Bk.*, 31 Barb., 194.)

*H. L. Howe*, for respondent. The evidence offered by defendant as to the source and purpose of the payment of June, 1873, would not be material or competent unless it included evidence of notice to plaintiff. (*Reed* v. *Boardman*, 20 Pick., 441; *Shepard* v. *Steele*, 43 N. Y., 52; *Pattison* v. *Hull*, 9 Cow., 747; *Davis* v. *Morewood*, 10 Barb., 183; *Shipley* v. *Bowery Nat'l Bk.*, 59 N. Y., 485; *Marsh* v. *Oneida Cent. Bank*, 34 Barb., 298.) Sureties for debts are bound by the same rules as to the application of payments which apply to their principals. (*Allen* v. *Culver*, 3 Den., 285; *Stone* v. *Seymour*, 15 Wend., 20.)

RAPALLO, J. The point upon which the appellant relies

for the reversal of the judgment in this action is, that on the trial the court excluded evidence of the fact that the sum of $275 which was paid in June, 1873, by Skinkle to the plaintiff, had been raised by Skinkle by the use of the name of the defendant as an accommodation indorser, for the purpose of being applied towards the payment of the note in suit. It was not proved or offered to be proved that knowledge of this fact was communicated to the plaintiff. Skinkle testified that in the spring before the payment he told the plaintiff that he would make a payment on a $400 note which the plaintiff held against the firm of Skinkle & Howlet without any indorser, if he could get it out of their business, and that he would pay on the note in suit, indorsed by the defendant, if he got it on a note indorsed by him, and that four or five days before the payment he told the plaintiff that he had found where he could get the money to pay on the note in suit. But he testified that he could not say that he told the plaintiff how or on whose indorsement he was going to get the money, and he does not say that he ever told plaintiff how he got it.

Skinkle further testified that when he made the payment he told plaintiff that he had come to pay $275 on the note indorsed by the defendant. That plaintiff took the money, counted it and took out a paper which the witness supposed was the note, and wrote on the back of it. The plaintiff contradicted Skinkle's statements to the effect that the payment was made on the note in suit, and gave evidence tending to show that it was made on the $400 note; he also testified that at the time of the payment he indorsed it on the $400 note in presence of the defendant, but that he did not know whether the defendant noticed the note. That he did not know that the money had been raised on the defendant's indorsement. The $400 note was produced at the trial, bearing the indorsement of the payment.

It is conceded that if the money paid to the plaintiff had been raised on the credit of the defendant for the purpose of being applied on the note indorsed by him, and this fact was

communicated to the plaintiff, he would have bound himself by accepting the money to apply it on that note. But in the absence of any such knowledge, it is claimed on the part of the plaintiff that he had the right to apply the money paid him by Skinkle, to the unindorsed note, unless Skinkle directed that it be applied on the note in suit, and that the fact that it had been raised by Skinkle on the defendant's indorsement, if unknown to the plaintiff, would not affect that right.

The question whether Skinkle directed the payment to be applied on the note in suit, as stated by him in his testimony, was submitted to the jury and their verdict establishes that no such direction was given. The evidence as to the means by which Skinkle raised the money was not material on that issue. But it is claimed by the defendant that, assuming that no direction was given by Skinkle to apply the payment on any particular note, the fact that the money had been raised on a note indorsed by the defendant for the express purpose of being paid on the note in suit, entitles him now to have it thus applied notwithstanding the application actually made by the plaintiff at the time. It is not disputed that a creditor having two demands against a debtor may apply a payment received from the debtor to either of the demands, at his election, provided no direction is given by the debtor, and the verdict establishes that no such direction was given in the present case to apply the payment on the note in suit. But it is contended that the right of the creditor to make the application is subject to the condition that such application be not inequitable, and such is the language used in some of the authorities cited. The equities referred to however are usually equities existing between the debtor and creditor, and I have found no case recognizing those arising out of transactions between the debtor and third persons, of which the creditor has no notice. The mere fact that there is a surety for one of the debts, does not preclude the creditor from applying a payment thus received, to the debt for which he has no security.

(*Allen* v. *Culver*, 3 Den., 285; *Stone* v. *Seymour*, 15 Wend., 20.) If the money had been raised by the debtor by the aid of the indorsement of the surety, given for the express purpose of enabling the debtor to raise funds to pay the secured debt, and these facts had been commuicated to the creditor, he would not be permitted even with the consent of the debtor to misapply it. But it can hardly be disputed that if the debtor brought money thus raised, to the creditor, and paid it to him expressly upon the unsecured debt, without disclosing the means by which the money had been raised or any agreement as to its use, the payment would be valid. I think the same result follows when the debtor by omitting to specify on which debt the payment is to be credited, authorizes the creditor to apply it to either, and the creditor exercises this option. The money belongs to the debtor and where the creditor is ignorant of any duty on the part of the debtor in respect to it, he may receive and apply it as if no such duty existed. If no application had been made by either party, and the duty were cast upon the court of making the proper application, the equities of the surety would doubtless be considered. But where the application has been made by the creditor, in accordance with his apparent legal right, and in ignorance of any fact which should prevent him from making such application, I do not think he is bound to change it on the subsequent disclosure that a third party had an interest in having it otherwise applied and that the debtor had violated a duty to such third party in not directing such application. The application made by the creditor cannot be said to have been inequitable if no facts were brought to his knowledge at the time, showing that he ought not to make it; it would create great confusion in commercial dealings, to hold that after the lapse of time, and when the position of the parties may have been changed by such a payment, the transaction could be reopened and the creditor obliged to revive an unsecured debt which he had treated as paid, and apply the payment on a debt for which he had ample security. The loss if any

sustained by the surety in such a case results from the act of his principal in whom he placed confidence, and not from any improper act of the debtor. It does not appear that the plaintiff was ever apprised until the trial of this action, of the allegation as to the means by which the money had been raised. He had the right in the meantime to repose upon the payment of the unindorsed note, and if he had attempted to collect that, the fact of the payment, and the indorsement of it on that note would have been a good defense. The defense set up in the answer in this action and testified to at the trial was the express payment on the note in suit. If that was true, the evidence as to the means whereby Skinkle raised the money was immaterial, and it was excluded on that ground. But in any aspect of the case it was properly excluded.

The judgment should be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.