LUCY WAINMAN, Respondent, *v.* ISAAC HAMPTON, Impleaded, etc., Appellant.

In a complaint in an action for partition, brought before the going into effect of the provisions of the Code of Civil Procedure in reference to such actions, it was not necessary to aver that the parties or those from whom they derived title were ever in possession. An averment of ownership in fee is all that was required, and a constructive possession, such as the law draws to the title, was sufficient for the maintenance of the action.

In such an action the complaint alleged title in plaintiff as tenant in common with defendants and as one of the heirs of a common ancestor. H., one of the defendants, set up in his answer as a counter-claim, a parol agreement on the part of plaintiff to sell and convey to him her interest; that, relying upon said agreement, he went into possession and had made valuable improvements and asked for specific performance thereof. These averments were put in issue by a reply. On the trial H. moved to dismiss the complaint on the ground that, under the pleadings, questions of title were involved which could not be tried in the action. *Held,* that the motion was properly denied as there was no denial of plaintiff's title as set forth in the complaint; that the allegations in the answer formed an issue of equitable cognizance to be tried by the court, and it was properly tried in the action.

There was no averment in the said answer of possession adverse to plaintiff or that H. had ousted her, and there was no proof of such possession or ouster. The proof tended to show that H. went into possession either as administrator of the estate of the common ancestor or as one of the tenants in common. *Held,* that the possession of H. must be referred to his right as tenant in common, and so did not stand in the way of the maintenance of the action.

The evidence tended to show that plaintiff's agreement to sell was upon condition that all the other heirs would agree to sell upon the same terms. Nothing was paid by H. thereon. At the time of the commencement of the action all of said heirs had not agreed to sell, and it did not appear that the improvements made by H. were of greater value than the income received by him. *Held,* that the evidence failed to sustain the counter-claim.

*It seems* that if a definite and complete oral agreement had been made, it would have been void under the statute of frauds, as no part performance was shown.

H. did not, in his answer or upon trial, ask that any account be taken of the improvements made by him, or that he have any allowance therefor. *Held,* that a refusal to make such an allowance was proper.

Where, after the submission and decision of an action tried by the court, and upon settlement of a case therein, requests to find upon questions of fact were presented to the court, *held*, that they came too late and a refusal to find as requested was proper. (Code of Civ. Pro. § 1023.)

(Argued June 22, 1888; decided October 2, 1888.)

APPEAL, under section 1336 of the Code of Civil Procedure, from a final judgment of Special Term after an affirmance by the General Term of the Supreme Court in the fifth judicial department, by an order made October 31, 1884, of an interlocutory judgment herein.

The nature of the action and the material facts are stated in the opinion.

*A. J. Abbott* for appellant. The complaint should have been dismissed as it contained no allegation that the parties, or either of them, was or ever had been in possession of the lands in question, nor even that the ancestor, John Hampton, was ever in possession. (Code of Pro. § 448; 3 R. S. [5th ed.] 603, 606, 607, §§ 1, 20, 22, 23.) As this action was commenced, December, 1878, and tried June, 1880, before the Code of Civil Procedure in reference to partition took effect, which was September 1, 1880, the old statutes of partition are alone applicable to the case. (3 R. S. [5th ed.] 603, 606, 607, §§ 1, 20, 23; Code of Pro. § 448.) Plaintiff must bring her action of ejectment to recover possession of her undivided interest in the lands, and have her right to possession determined, and recover actual possession, before she can maintain an action for partition. (Old Code, § 448; 3 R. S. [6th ed.] 583, §§ 20, 22, 1586; *Florence* v. *Hopkins*, 46 N. Y. 182; *Miller* v. *McMullin*, 68 id. 345, 352; *Brownell* v. *Brownell*, 19 Wend. 367; *German* v. *Machin*, 6 Paige, 288; *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *Van Schuyver* v. *Mulford*, 59 N. Y. 426, 430; 6 Wait's Actions and Defenses, 447; 3 id. 27, 28; *Clasin* v. *Rankin*, 1 Duer, 137; *Valentine* v. *Matthews*, 12 Wend. 494; 4 Wait's Actions and Defenses, 179; Abb. Trial Evidence, 714.) The agreement of purchase and sale set forth in the answer was

fully proved upon the trial, and constitutes a perfect defense to the plaintiff's cause of action. (5 Wait's Actions and Defenses, 798; *Huddleson* v. *Briscoe*, 11 Ves. 591; *Welford* v. *Breezely*, 1 Ves. Sr. 8; *Fowle* v. *Freeman*, 9 id. 351; *Freeman* v. *Freeman*, 43 N. Y. 34; *Ford* v. *Knapp*, 102 id. 135.) Defendant's practice in making his requests, at the time of the settlement of the case, was correct. (*Ward* v. *Craig*, 87 N. Y. 550; 107 id. 360, 372.) Unless the plaintiff has an actual or constructive possession partition cannot be maintained. (*Stryker* v. *Syrch*, 11 N. Y. Legal Obs. 116; *O'Dougherty* v. *Aldrich*, 5 Denio, 385; *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *Fleet* v. *Dorland*, 11 How. 489; *Brownell* v. *Brownell*, 19 Wend. 367.)

*James Wood* for respondent. The parties to this action are, tenants in common. Heirs take as tenants in common. (3 R. S. [7th ed.] 2213, § 17.) An action of ejectment could not be maintained by the plaintiff to recover possession of her share of the estate, for there was no proof of an ouster. The possession of the defendant, Isaac Hampton, was not adverse to the title of the plaintiff. The entry and possession of one tenant in common is for the benefit of his co-tenants. (*Beebe* v. *Griffin*, 14 N. Y. 235; *Florence* v. *Hopkins*, 46 id. 182.) The agreement of sale did not divest plaintiff of her title, and she could not be compelled legally to specifically perform it. (3 R. S. [7th ed.] 2326, § 8.) A parol contract for the sale of an interest in lands is void by the statute of frauds, and cannot be enforced, directly or indirectly. It confers no rights and creates no obligations as between the parties to it. (*Dung* v. *Parker*, 52 N. Y. 494; *Byrne* v. *Romaine*, 2 Edw. Ch. 445; *Jervis* v. *Smith*, Hoffm. Ch. 470; *Lord* v. *Underdunct*, 1 Sandf. Ch. 46; *Wolf* v. *Frosl*, 4 id. 72; 5 Wait's Actions and Defenses, 801; *Phillips* v. *Thompson*, 1 Johns. Ch. 132.)

EARL, J. This is an action for the partition of certain lands situated in Livingston county, and it was commenced and tried prior to September 1, 1880, when the second part of the Code of Civil Procedure concerning actions for partition took effect.

Hence it is governed by the provisions of the Revised Statutes relating to the partition of lands. The complaint alleged that John Hampton, being the owner in fee of the lands described, died intestate in April, 1877, leaving no widow or issue, and that the lands descended to the persons mentioned in the complaint as his heirs, and were at the commencement of the action owned in fee by the parties thereto in the proportions mentioned, the interest of the plaintiff being one seventy-second part thereof. The defendant, Hampton, in his answer denied that the plaintiff, at the time of the commencement of the action, had the undivided estate in the lands alleged, or that she was in possession or entitled to the possession of the same; and he alleged that after the decease of John Hampton, in February, 1878, he entered into an agreement with the plaintiff whereby she agreed to sell her interest to him for $166.66, which he agreed to pay; that such agreement was on condition that her brothers and sisters should sell their shares for the same price; that at the time of making the agreement he was desirous of making permanent and valuable improvements upon the lands, and so notified the plaintiff; and that, as part of the agreement, it was agreed that he should and would go on and make such improvements; that he did at different times procure from her brothers and sisters, severally, agreements whereby they agreed to sell to him their several shares, each for $166.66, or thereabouts, and that all of them had conveyed their interests to him, except her sister, Alice Timothy; that, relying upon such agreement, he went into possession of the lands and of her interest therein and put extensive, valuable and permanent improvements thereon; that since the agreement he has been in the exclusive possession of the lands, and has claimed to be the owner thereof and of her interest therein, and has paid all the taxes on the lands with her knowledge; that after the agreement, he, through his agent, tendered to her the sum of $166.66, and requested a conveyance from her, which she refused; and he alleged that he was ready and willing to perform, and offered to perform the agreement on his part;

and he prayed judgment upon the agreement alleged, as a counter-claim, that the plaintiff be compelled to convey her interest to him, and that he recover costs against her.

The plaintiff replied denying all the allegations of the counter-claim and alleging that the defendant had had the use, benefit, rents and profits of the lands; that if he had made any improvements upon the lands they were temporary and for his own use and made with the avails of the rents and profits of the lands, and asking that the avails, rents and profits be set off against any amount that might be found due the defendant for the alleged improvements.

The action was brought to trial at a Special Term and judgment ordering a partition of the lands was granted and entered, and partition has been made by commissioners appointed for that purpose.

We are of opinion that no errors prejudicial to the defendant were committed in the court below. Most of those alleged are technical and do not need extended consideration.

1. At the commencement of the trial defendant's counsel moved to dismiss the complaint, on the ground that there was no allegation therein that either of the parties or their ancestors had ever been in possession of the lands. A constructive possession, such as the law draws to the title, is sufficient for the maintenance of the action. It is alleged that the ancestor and each of the parties owned in fee, and that is all that is required. (3 R. S., [6th ed.] 584, §§ 8, 9; *Bradshaw* v. *Callaghan*, 8 Johns. 558; *Jenkins* v. *Van Schaack*, 3 Paige, 242; *Beebe* v. *Griffing*, 14 N. Y. 235; *Florence* v. *Hopkins*, 46 N. Y. 182.)

He also moved to dismiss the complaint on the ground that, under the pleadings, questions of title were involved which could not be tried in the action. There was no denial in the answer of plaintiff's title in the lands as one of the heirs of the common ancestor. The only allegations affecting her title were those in reference to the executory agreement for the purchase by the defendant of her interest, and those allegations formed an issue of equitable cognizance to be

tried by the court and not by a jury, and that issue was properly tried in this action.

2. There is no allegation in the answer that the defendant was in the possession of the lands adversely to the plaintiff or that he had ousted her, and there was no proof of adverse possession or of ouster. The proof tended to show that, the defendant took possession of the lands after the death of John Hampton, either as his administrator or as one of the tenants in common. The proof does not show that prior to the commencement of the action, he was in possession of the lands or of her interest therein under his agreement with her. His possession must be referred to his right as tenant in common, and it was not for an instant hostile to her in such a sense that without more it could, if continued, create in him a title by adverse possession. Hence such possession as he had did not stand in the way of the maintenance of this action.

3. The only real defense attempted on the trial was that alleged in the counter-claim set up in the defendant's answer, to wit, that he was, by virtue of the agreement alleged, entitled to a conveyance of plaintiff's interest in the lands.*

\* \* \* \* \* \*

Taking all the letters and all the oral evidence into consideration, the most that can be said is that there was an agreement on plaintiff's part to sell upon a condition which was never performed, and the court did not err in refusing to compel specific performance of the agreement.

4. There was no error in refusing to allow the defendant for improvements made upon the lands. He did not in his answer demand that any account be taken of such improvements or that he have any allowance therefor. Nor did he, upon the trial, request that such an account be taken or allowance made. It is a fair inference, from the evidence, that the rents and profits of the lands received by him were substantially equal in value to the value of the improvements made thereon by him.

---

\* The omitted portion of the opinion is simply a resume of the evidence as to the alleged agreement.

5. Subsequent to the submission and decision of the cause upon the settlement of the case, the counsel for the defendant produced to the trial judge certain requests to find upon questions of fact, which he refused to find. The requests were presented too late, and, for that reason alone, the judge could properly refuse to find the facts requested. (Code, § 1023.) But, so far as they were material, the evidence justified the refusal to find the facts.

We have given careful consideration to the other points argued on behalf of the defendant and believe they require no particular examination. They point out no error of which the defendant can justly complain.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.