ALBERTINA FOUNTAIN CRIPPEN, Appellant, v. EDNA S. SPIES, Respondent, Impleaded with Others, Defendants.

Third Department, November 23, 1938.

*William Harry Montgomery*, for the appellant.

*Boire & Kehoe* [*Harry P. Kehoe* of counsel], for the respondent.

BLISS, J. This is an action for the partition of three parcels of real estate. The judgment granted partition as to two of the parcels and dismissed the complaint as to the third. The case comes to us on an appeal from this dismissal. The plaintiff claims an undivided interest in this real estate through her father, Edward O. Fountain, who died intestate on August 13, 1922, and who had received an undivided interest in the premises under the will of his father, Octave Fountain. The latter died on January 23, 1916, seized of the premises. On March 20, 1916, Edward O. Fountain and Bessie J. Fountain, his wife, signed and delivered to his sister, the defendant Edna S. Spies, a written instrument stating that " in consideration of one dollar and other valuable considerations paid by Edna S. Spies, * * * I, Edward O. Fountain * * * hereby agree to convey, on demand, all my right, title and interest in and to a farm and homestead consisting of thirty acres more or less, situated in Coopersville, Clinton County, New York, of which my father Octave Fountain, late of Warren, Mass., deceased, died seized and possessed. Conveyance to be made by quitclaim deed free from all encumbrances or [sic] suffered by me, the said Edward O. Fountain." This document was not acknowledged. One hundred

dollars was paid by Edna S. Spies to Edward O. Fountain and his wife, Bessie J., as its consideration. On the same day Edward O. Fountain also executed and delivered to his sister an instrument whereby he assigned to her all claims and demands which he had against the estate of his father and all rights and interest as legatee under the will of his late father and all moneys coming to him under this will. This was also unacknowledged. The court below found that by these instruments Edward O. Fountain transferred to Edna Spies all his interest in the land in question and that the plaintiff had no interest in the premises and dismissed the complaint upon the merits.

The assignment of all claims and demands against the estate of Octave Fountain and all rights and interest as legatee under his will deals only with personal property and was not effective to transfer any interest in real estate. Plaintiff's interest, if any, in these lands came to her by operation of law upon the death of her father. As far as the contract to convey is concerned, the intention of the parties is clear. The vendors intended to transfer to the purchaser their entire interest in the premises. They had been paid in full therefor. All that remained for them to do was to execute and deliver the formal document evidencing the conveyance. The purchase price had been paid and the demand for the deed might be made at any time at the will of the purchaser. This agreement did not pass the title. It was an executory contract for a sale and not an actual sale or transfer. (*Edwards* v. *Farmers' Fire Insurance & Loan Co.*, 21 Wend. 467; *Tamsen* v. *Schaefer*, 108 N. Y. 604.) The making of the demand and the giving of the deed were yet to be done.

A contract for the sale of real estate immediately vests in the purchaser the equitable title while the vendor remains seized in the land for the benefit of the purchaser and holds the legal title only as security for the payment of the remainder of the purchase price. (*Williams* v. *Haddock*, 145 N. Y. 144.) Upon the death of the vendor his interest in the moneys payable under the contract passes to his next of kin as personal property. (*Williams* v. *Haddock, supra; Matter of City of N. Y.* [*Edgewater Road*], 138 App. Div. 203; affd., 199 N. Y. 560.) However, the legal title to the premises vests in his heirs at law who may be compelled to execute the conveyance. (*Williams* v. *Haddock, supra; Waxson Realty Corp.* v. *Rothschild*, 255 N. Y. 332.) The legal representatives of the deceased vendor may now execute and deliver a deed conveying the lands in accordance with the contract. (See Surr. Ct. Act, § 227. See, also, former Code Civ. Proc. § 2697, as amd. by Laws of 1914, chap. 443.) One of the rights of the vendor of an

undivided interest in real estate, who still has the legal title as security for the payment of a portion or all of the purchase price, is that of partition. *Wainman* v. *Hampton* (110 N. Y. 429) was an action in partition. There the defendant claimed that by virtue of a certain contract he was entitled to a conveyance of plaintiff's interest in the lands. The court found that there was an agreement on plaintiff's part to sell upon a condition which was never performed and that the defendant was not entitled to specific performance of the agreement, and affirmed the judgment ordering a partition of the lands.

In *Grant* v. *Keator* (117 N. Y. 369, 375), RUGER, Ch. J., writing for an unanimous Court of Appeals, said: "The defendants had no legal right to an extension of time within which to satisfy the vendor's lien; and the act of the court in giving them thirty days to do so was an act of pure grace, enabling them to avoid the effect of a long-continued default in the performance of their obligations to pay the purchase price. They chose not to pay and take a conveyance, and the necessary effect of this determination was to leave the title of the land in the vendor's heirs, with all the rights and privileges pertaining to such title, among which was the right of partition."

Where premises under contract of sale are sold in partition the vendor and vendee will receive the share of the proceeds to which they are respectively entitled. (*McLear* v. *Balmat*, 194 App. Div. [3d Dept.] 827; affd., 231 N. Y. 548.)

When this action was brought the defendant Edna S. Spies had not yet chosen to demand a conveyance from Edward O. Fountain, his legal representative or heirs, and his wife, Bessie J. Fountain Jamieson. But now, in her answer, she sets up the contract of sale, asks that it be established as valid and that the plaintiff and the other heirs at law and next of kin of Edward O. Fountain, deceased, be compelled to execute a deed to her. The record is silent as to whether this answer has been served upon any of the heirs of Edward O. Fountain besides the plaintiff. No legal representative of the estate of Edward O. Fountain, deceased, has ever been appointed. Bessie J. Fountain Jamieson, who was the wife of Edward O. Fountain on March 20, 1916, is still living, and the defendant Spies asks that she also be compelled to execute the deed, but the answer apparently has not been served upon her. The vendee Edna S. Spies has done all that is necessary under the contract to compel the delivery of a deed from the plaintiff. The full purchase price has been paid. The legal title in which plaintiff has an interest is but a hollow shell. The purchaser is now entitled to a quitclaim deed from plaintiff conveying all of her interest in

the premises and the judgment below should have directed such a conveyance. There has been no appeal by the defendant Spies, and thus we may not grant her the affirmative relief for which she asked and to which she was entitled.

Equity, however, regards that as done which ought to be done. It gives regard to substance rather than form. Here the defendant Spies is now entitled to a formal conveyance of any interest in the premises which descended to the plaintiff upon the death of her father. We must assume that this has been accomplished. Clearly this plaintiff has no such interest in the premises as would entitle her to maintain an action for partition. (See Civ. Prac. Act, § 1012.)

The judgment should be affirmed, with costs.

CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., and McNAMEE, J., dissent, on the ground that there was evident error in practice. That an affirmance here will necessitate the starting of a new partition action, and that course would not be justifiable of property of so small value. We believe that the case should be reopened and the parties allowed to amend their pleadings, if necessary, and thus avoid a second partition action.

Judgment affirmed, with costs.