In the Matter of the Will of BEATRICE KIRKWOOD, Deceased
CHARLOTTE DOWNS, Petitioner; JAMES KIRKWOOD, Respondent.

Surrogate's Court, Queens County, October 31, 1944.

*Isaac Gluckman* for petitioner.

*William H. Hinrichs* for respondent.

SAVARESE, S. The petitioner Charlotte Downs seeks an order under section 137 of the Surrogate's Court Act directing the examination of the respondent James Kirkwood and the production by him of an alleged testamentary instrument executed by his wife, Beatrice Kirkwood, the decedent herein. The respondent has not placed in issue the allegations of the petition, but challenges petitioner's status as a " person claiming to be interested in the estate ". Decedent died May 25, 1944, a resident of this county, leaving her surviving a husband, James Kirkwood, the respondent herein and their daughter. At the time of her death, according to the petition decedent owned a parcel of real property which the respondent thereafter agreed to sell to the petitioner for the sum of $6,500 under a written contract executed on June 5, 1944. The respondent has failed and refuses to convey the property in accordance with his agreement for the alleged reason that by virtue of his self-assumed determination of the intestacy of decedent a two-thirds interest in the property vested in his daughter who refuses to join in a conveyance. The petitioner contends that decedent left a will duly executed on January 4, 1944, whereby this property was devised to the respondent but that the latter has failed and refused to produce and offer it for probate.

According to section 314 of the Surrogate's Court Act, persons interested in the estate include "every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor." Such an interest may be acquired after the death of decedent by the assignment of a share in the estate (*Matter of Hardy*, 216 N. Y. 132) which need not be executed in any particular form or manner. An oral assignment is valid (*Matter of Eckel*, 256 App. Div. 1031) and one will even be implied so that "a person having a lien upon a legacy may be regarded as an equitable assignee of the legacy, in whole or in part" and thus becomes a person interested in the estate. (*Matter of Wood*, 170 App. Div. 533, 536.) An executory contract for the sale of real property immediately vests equitable title in the purchaser and the vendor retains legal title only as security for the payment of the remainder of the purchase price. (*Williams et al.* v. *Haddock*, 145 N. Y. 144; *Crippen* v. *Spies*, 255 App. Div. 411.) When, as in this case, the vendor's title and right to convey depends upon the probate of a will, the contract purchaser should be considered an equitable assignee and as such an interested party within the purview of the statute. The application is granted and the respondent is directed to produce the alleged will and to attend and be examined before this court on a day to be fixed in the order which should be settled on notice.