## THE MONGIOIA.
### No. 1753.

District Court, S. D. Texas,
Galveston Division.

May 27, 1947.

Brian S. Odem, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Houston, Tex., for libellant.

Loomis & Williams (Homer L. Loomis), of New York City, and Lockhart, Hughes & Watson, of Galveston, Tex., for claimant.

Harry LeRoy Jones and Wallace H. Walker, Sp. Assts. to Atty. Gen., for the United States.

KENNERLY, District Judge.

This is a Libel filed July 15, 1941, by the Government of the United States of America under Title II of the Act of Congress of June 15, 1917, 50 U.S.C.A. §§ 191 to 194, inclusive, to forfeit the Italian Steam Vessel "Mongioia." On April 14, 1942, the Government filed Amended Libel, seeking for-feiture under the Act of June 15, 1917, Title II, Section 3, 50 U.S.C.A. § 193, the Act of June 15, 1917, Title III, Section 1, 18 U.S.C.A. § 502, and the Act of April 20, 1918, as amended November 30, 1940, 50 U.S.C.A. §§ 101–106. The trial was on the Amended Libel and upon the Government's Motion to Strike, filed January 28, 1947.

On August 14, 1941, the Navigazione Alta Italia of Genoa, Italy (for brevity called Claimant), appeared and filed its claim, asserting its ownership of the vessel. Various exceptions and pleadings were filed by Claimant, but the trial was on the Answer of Claimant, filed January 24, 1947, and the Amended Answer of Claimant, filed January 30, 1947.

The crew of the vessel or some of them were prosecuted criminally. See Marchese v. United States, 5 Cir., 126 F.2d 671.

During the pendency of the litigation, the United States of America requisitioned the vessel. (See Order of August 21, 1941.) While in the service under such requisition, the vessel became in such condition that she was in imminent danger of sinking, and because thereof and the fact that a large sum of money would be necessary to restore her, she was, on the Government's motion, permitted to be scrapped. (See Order of October 21, 1943.)

Also during the pendency of the litigation, the Alien Property Custodian appeared and moved to be substituted as Claimant of the vessel. His Motion was at that time denied, but he was allowed to, and did, intervene for the protection of whatever rights he had. Various pleadings were filed by him, but the trial was on his pleadings filed January 29, 1947.

The evidence I think fully sustains the Government's charge, and I find:

(a) That the Master of the vessel, acting alone and/or with others, within the territorial navigable waters of the United States, to-wit, in this District and Division, wilfully caused or permitted serious injury to such vessel.

(b) Also that the Master and others tampered with the motive power, etc., of such

18

vessel, with the intent to injure same and endanger its safety.

(c) Also that the Master and others knowingly permitted said vessel to be used as a place of resort for persons conspiring or preparing with each other and with others to commit offenses against the United States, in violation of the Laws and Treaties of the United States.

(d) That all was done with the intent to and in an effort to obstruct and interfere with the National Defense of the United States.

(e) After the injury to the vessel, the Coast Guard boarded the vessel and took off the Master and Crew, and thereafter on or about July 11, 1941, and prior to the filing of this Libel, the vessel was seized by the Collector· of Customs. After the filing of this Libel, the vessel was seized by the Marshal under process issued herein.

1. Claimant brings forward many claims and defenses and raises many questions with respect to the Acts of Congress which are the basis of the Government's suit and with respect to these proceedings. Under the rule laid down in United States v. The Antoinetta, 3 Cir., 153 F.2d 138, I think that the Alien Property Custodian is vested with all of the rights of Claimant herein, and that Claimant has no standing here to bring forward such claims and defenses and raise such questions. Further, I think such claims and defenses are not meritorious.

2. Under the authority of United States v. The Antoinetta, supra, I conclude that irrespective of such questions, and without regard to the legality or regularity of these proceedings, the Alien Property Custodian has become vested with whatever rights Claimant had to such vessel, and is entitled to be fully substituted in this proceeding for such Claimant.

3. Judgment should enter, forfeiting the vessel to the United States Government, as prayed for, and subrogating the Alien Property Custodian to such rights as Claimant may have herein.

Let appropriate Decree be drawn and presented.