In the Matter of the Estate of SIGMUND LUSTGARTEN, Deceased.

Surrogate's Court, New York County, July 8, 1949.

*Lewis & Herrick* for Michaela Moutzouridon, petitioner.

*Joseph A. Cox* for Francis J. Mulligan, Public Administrator of the County of New York, respondent.

FRANKENTHALER, S. The daughter of a deceased alien distributee petitions to withdraw funds which were deposited in the city treasury to the order of her father and which have since been vested by the Alien Property Custodian pursuant to the Trading with the Enemy Act, as amended (U. S. Code, tit. 50, Appendix, § 1, *et seq.*). She has offered as proof of her right to the fund an assignment to her of all right and title which the United States Government had therein, executed by the Deputy Director of the Office of Alien Property, acting for the Attorney General as successor in interest to the Alien Property Custodian. A question has been raised concerning the efficacy of this assignment as a means of transferring such interest as the Government may have had in the fund.

There is no doubt that the effect of a vesting order is to transfer to the Government all property rights and interests of the specified enemy alien in and to the property affected (*Commercial Trust Co.* v. *Miller,* 262 U. S. 51; *Cummings* v. *Deutsche Bank,* 300 U. S. 115; *The Antoinetta,* 49 F. Supp. 148, affd. *sub. nom. United States* v. *The Antoinetta,* 153 F. 2d 138, certiorari denied 328 U. S. 863; *Matter of Knutzen,* 31 Cal. 2d 573; *Matter of Viscomi,* 270 App. Div. 732; *Matter of Bendheim,* 124 Misc. 424; *Matter of Carrington,* 195 Misc. 442). As statutory transferee of property rights, the Government or its agent stands in the same position as an owner or transferee of the property, and as a complete owner (*Cummings* v. *Deutsche Bank, supra*) it may, so far as State law is concerned, assign those interests which the State law says are assignable. The property or rights here in question are so assignable (*Stover* v. *Eycleshimer,* 3 Keyes 620; *Matter of Lynch,* 151 Misc. 549; *Matter of Bihn,* 171 Misc. 80; *Matter of Kirkwood,* 183 Misc. 747; *Matter of McClancy,* 186 Misc. 866).

The capacity or competency of the Government agency to so assign or transfer property which it owns must stem from the act defining its powers. In this case, subdivision (a) of section 32 of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 32, *supra*), provides that " The President, or such officer or agency as he may designate [see Executive Order No. 9788; Code of Fed. Reg., 1946 Supp., tit. 3, p. 169], may return any property or interest vested in or transferred to the Alien Property Custodian " upon his or their determination, not here

reviewable (see Act, § 7, subd. [c]; U. S. Code, tit. 50, Appendix, § 7, and cf. *Stoehr* v. *Wallace,* 255 U. S. 239; *Commercial Trust Co.* v. *Miller, supra*; *Silesian-American Corp.* v. *Clark,* 332 U. S. 469; *Matter of Viscomi, supra*; *Matter of Sielcken,* 167 Misc. 327; *Matter of Yokahama Specie Bank,* 188 Misc. 137), that " the person who has filed a notice of claim for return   *   *   *   was the owner of such property or interest immediately prior to its vesting in or transfer to the Alien Property Custodian, or is the legal representative   *   *   *   or successor in interest by inheritance, devise, bequest, or operation of law, of such owner   *   *   *."

It is clear from the use of the language " may return any property or interest vested in or transferred to " that the agency charged with the administration of alien property is competent, after making the appropriate determinations, to transfer or return property which it has " vested " in itself but has not reduced to possession by assigning its title to the appropriate party (see in connection herewith section 9 of the act [U. S. Code, tit. 50, Appendix, § 9] relating to methods of returning seized property to rightful owners not enemy aliens). Lack of possession is without significance with regard to its plenary power over the property (see *Silesian-American Corp.* v. *Clark, supra*).

So far as any depositary, holder or other person in possession or custody of the property vested by the Federal Government is concerned the statute provides that " Any payment, conveyance, transfer, assignment, or delivery of property or interest therein " made by him pursuant to law " or any rule, regulation, instruction, or direction issued   *   *   *   shall to the extent thereof be a full acquittance and discharge for all purposes of the obligation of the person making the same; and no person shall be held liable in any court for or in respect to anything done or omitted in good faith in connection with the administration of, or in pursuance of and in reliance on, this subdivision, or any rule, regulation, instruction or direction issued hereunder." (Act, § 5, subd. [b], par. [2]; U. S. Code, tit. 50, Appendix, § 5.)

Submit, on notice, decree directing payment to the petitioner.