[No. 31173. Department Two. July 10, 1950.]

LOUISE BUNZEN, *Appellant*, v. GORDON DAVIS, *as Executor*, *Respondent.*[1]

*Hyland, Elvidge & Alvord, Monroe Watt*, and *John Veblen*, for appellant.

*Lycette, Diamond & Sylvester* (*Herman Howe*, of counsel), for respondent.

MALLERY, J.—Plaintiff, Louise Bunzen, and August Bunzen, deceased, were separated in 1915, and a judgment was entered in the superior court for King county on April 17, 1915, awarding plaintiff fifty dollars a month support and maintenance commencing on May 1, 1915. Plaintiff returned to Germany, and Bunzen sent monthly payments until the outbreak of World War II. At the time of his death, on January 25, 1948, the payments were six years in arrears. Plaintiff put in two claims to the executor for the amount due. The second one was filed on her behalf by the United States attorney for the western district of Washington, on August 12, 1948. Both claims were rejected by the executor.

[1] Reported in 220 P. (2d) 653.

On November 2, 1948, her claim against the estate, based on the 1915 judgment, was vested in the attorney general by the following vesting order:

"OFFICE OF ALIEN PROPERTY
DEPARTMENT OF JUSTICE
VESTING ORDER
12275

"Re: Estate of August Bunzen, deceased. File: D-28-12474; E. T. Sec. 16689.

"Under the authority of the Trading with the Enemy Act, as amended, Executive Order 9193, as amended, and Executive Order 9788, and pursuant to law, after investigation, it is hereby found:

"(1) That Louise Bunzen, whose last known address is Germany, is a resident of Germany and a national of a designated enemy country (Germany);

"(2) That all right, title, interest and claim of any kind or character whatsoever of the person identified in subparagraph 1 hereof, in, to and against the estate of August Bunzen, deceased, arising out of and by virtue of that certain decree dated April 17, 1915, of the Superior Court of the State of Washington for King County in an action entitled Louise Bunzen vs. August Bunzen, Numbered 92569 on the docket of said court, including but not by way of limitation all rights, claims, demands and causes of action of any kind or nature whatsoever of the person identified in subparagraph 1 hereof against the estate of August Bunzen, deceased, by reason of the rejection of any claim filed by or on behalf of the said person identified in subparagraph 1 hereof for the payment of any and all amounts due under the said decree dated April 17, 1915, of the Superior Court of the State of Washington in and for King County, is property within the United States owned or controlled by, payable or deliverable to, held on behalf of or on account of, or owing to, or which is evidence of ownership or control by, the aforesaid nationals of a designated enemy country (Germany);

"and it is hereby determined:

"(3) That to the extent that the person identified in subparagraph 1 hereof is not within a designated enemy country, the national interest of the United States requires that such person be treated as a national of a designated enemy country (Germany).

"All determinations and all action required by law, including appropriate consultation and certification, having

been made and taken, and, it being deemed necessary in the national interest,

"THERE IS HEREBY VESTED in the Attorney General of the United States the property described above, to be held, used, administered, liquidated, sold or otherwise dealt with in the interest of and for the benefit of the United States.

"The terms 'national' and 'designated enemy country' as used herein shall have the meanings prescribed in section 10 of Executive Order 9193, as amended.

"(40 Stat. 411, 50 U.S.C. App. 1; 55 Stat. 839; 50 U.S.C. App. Sup. 616; Pub. Law 322, 79th Cong., 60 Stat. 50; Pub. Law 671, 79th Cong., 60 Stat. 925; E.O. 9193, July 6, 1942, 7 F.R. 5205, 3 CFR, Cum. Supp.; E.O. 9567, June 8, 1945, 10 F.R. 6917, 3 CFR, 1945 Supp.; E.O. 9788, Oct. 14, 1946, 11 F.R. 11981.)

"Executed at Washington, D. C. on November 2, 1948.

For the Attorney General
(Signed) DAVID L. BAZELON
DAVID L. BAZELON
"(Official Seal)"      Assistant Attorney General
Director, Office of Alien Property."

A complaint was filed by plaintiff against the executor on November 5, 1948, setting out the above facts generally, and praying that judgment be rendered in favor of the alien property custodian of the United States.

The defendant demurred to the complaint on the grounds that (1) there is a defect of parties plaintiff, that (2) the plaintiff has no legal capacity to sue, and (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, an order of dismissal was entered, and a motion to stay the proceeding was denied.

The plaintiff appeals.

We sustain the trial court on the ground that the appellant has no legal capacity to sue, and will not discuss the question of whether the appellant, as an enemy alien, could defend an action in our courts during the period of technical hostilities.

The effect of a vesting order is to transfer to the government all property rights and interests of the specified enemy alien in and to the property affected. *In re Lustgarten's Estate*, 195 Misc. 438, 91 N. Y. S. (2d) 907; *Commercial Trust Co. of New Jersey v. Miller*, 262 U. S. 51, 43 S. Ct. 486,

67 L. Ed. 858; *Cummings v. Deutsche Bank*, 300 U. S. 115, 57 S. Ct. 359, 81 L. Ed. 545; *Matter of Knutzen's Estate*, 31 Cal. (2d) 573, 191 P. (2d) 747; *Matter of Carrington's Estate*, 195 Misc. 442, 90 N. Y. S. (2d) 757.

Rem. Rev. Stat., § 179, provides:

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

The alien property custodian holds full and complete title to enemy property on behalf of the United States, without any beneficial interest remaining in the former owner. *United States v. Borax Consol.*, 62 F. Supp. 220; *Koehler v. Clark*, 170 F. (2d) 779. See, also, *The Mongioia*, 73 F. Supp. 17.

We conclude, therefore, that the appellant was not the real party in interest, and that the complaint was defective in that she did not have the capacity to sue. *Shyvers v. Bremerton*, 15 Wn. (2d) 497, 131 P. (2d) 187.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.