John T. Clancy, S.
This is an application by an administratrix for leave to convey certain real property pursuant to a contract made by the decedent prior to her death. (Surrogate’s Ct. Act, § 227.)
Decedent died intestate on November 28, 1963. Her husband, John Coffrini (hereinafter called the testator), died on February 8, 1956, leaving a last will and testament which was admitted to probate in the Queens County Surrogate’s Court. By the terms of his will, the testator gave the decedent the nse of his real property for life, or until her remarriage. Upon her death or remarriage, the testator devised the real property to his two children in equal shares. 'Since the decedent did not remarry, we may regard her tenure as a life estate.
The problem presented here arises by virtue of another provision of the testator’s will whereby he gave decedent the power to sell the real property in her discretion upon such terms as she deemed just and proper. If the decedent exercised this power of sale, the testator directed that the net proceeds of the sale be divided as follows: 60% to the decedent and 40% to the testator’s two children.
On October 28, 1963, one month prior to her death, the decedent executed a contract to sell the real property for $20,000. She died on November 28,1963, prior to the delivery of the deed to the purchaser. Her administratrix, alleging that the purchaser has demanded a deed, brings this proceeding for leave to execute such a deed pursuant to section 227 of the Surrogate’s Court Act.
The testator’s two children have filed an answer denying knowledge or information concerning the contract of sale or of the purchaser’s compliance with the contract. They further *206 deny that the decedent was seized of the property or that she had an absolute power of sale. As an affirmative defense, they allege that the decedent did not validly exercise the power of sale and that title to the property vested in them on the death of the decedent.
There can be no question that the decedent had a legal life estate coupled with a power of sale. No proof was offered in behalf of the affirmative defense that the power of sale was not validly exercised.
In Bostwick v. Beach (103 N. Y. 414, 421) the Court of Appeals said: “ We entertain no doubt that where the executors of a will of a deceased person, empowered by the terms of the will to sell his real estate, entered into an executory contract for such sale, performance of such contract may be enforced in equity at the suit of the purchaser. The contract of sale is, in effect, an execution of the power, and confers upon the purchaser an equitable title to the land sold, and the court will compel the executors to perfect that title by a conveyance, where the contract is fair and for a sufficient consideration and there is no default or laches on the part of the purchaser.” (See, also, Crippen v. Spies, 255 App. Div. 411.)
It follows that when the decedent entered into the contract of sale pursuant to the power granted to her by the testator’s will, the purchaser acquired an equitable title to the real estate and the contract of sale is enforcible.
The application is granted.