### BAYER et al. v. LUGAR.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. PAYMENT—APPLICATION BY CREDITOR—PAYMENT BY GUARANTOR.

Where defendant guarantied the payment of sums of money due plaintiffs on construction work, and afterwards gave his check payable to the husband and agent of the debtor, who in turn gave the same to plaintiffs, who had actual knowledge of the relation which existed between defendant and the agent, plaintiffs were bound to take notice that the payment was made upon the contract of guaranty and to apply the same accordingly.

2. GUARANTY—MODIFICATION OF CONTRACT.

Where defendant guarantied in writing the payment of money to become due plaintiffs on certain construction work, and gave his check for that purpose, payable to the husband and agent of the principal debtor, who turned it over to plaintiffs, who had knowledge of the relations existing between defendant and the agent, the fact that the agent told plaintiffs that defendant had said that they should have all their dealings with the agent whose actions in the premises would be satisfactory to defendant, and further told them to apply the payment upon extra work not within the guaranty, could not operate to modify the contract of guaranty, nor authorize plaintiffs to appropriate the moneys to other purposes than that covered by the guaranty.

Ingraham, J., dissenting.

Exceptions from Trial Term, New York County.

Action by Charles Bayer and others against Frank Lugar. The complaint was dismissed, and plaintiffs move for a new trial. Exceptions ordered to be heard by the Appellate Division in the first instance. Exceptions overruled. Judgment for defendant.

This action was brought to recover the sum of $1,000 and interest thereon from September 11, 1899, upon a contract of guaranty between the plaintiffs and the defendant, pursuant to which the defendant was to make two payments of $1,500 each at certain intervals during the progress of a building

contract between the plaintiffs and one Henrietta K. White, under which contract plaintiffs were to do architectural ironwork. The following facts are undisputed: On May 8, 1899, plaintiffs and the said Henrietta K. White entered into a certain contract whereby the plaintiffs were to perform work and furnish materials for the architectural ironwork in the premises situate at the corner of Eightieth street and Columbus avenue for the sum of $5,281, payable at the times and in the manner following:

First payment when all the main stairway is finished complete, except railings for the same.................................... $1,500
Second, when all elevator fronts are set and finished complete with fascias and saddles.......................................... 1,500
Third, when all vaults, lights, and ironwork for store fronts, steps, etc., for same are complete.................................... 450
Fourth, stairs for stores, area stairs, and ladder.................. 300
Fifth, area rail and servants' gate............................... 275
Sixth, fireplace bars, coal cover, shed doors, trapdoors, and saddles ....................................................... 275
Seventh, sixty days after completion............................. 981

Total ..................................................... $5,281

At about the same time an agreement was made between the plaintiffs and the defendant, under which plaintiffs have sought to hold the defendant liable. It reads as follows:

"New York, May 9th, 1899.

"I agree to pay Bayer & Scherbner One thousand dollars out of the white mortar payment due on 80th street and Columbus Avenue, N. W. Corner, when received, providing they have the main stairs set complete except the railings, and One thousand five hundred dollars more when the trim payment is received, providing the elevator fronts are all set complete.

"Frank Lugar.

"In consideration of the above we agree to have the stairs complete as stated above, by or before June 20, 1899.        Bayer & Scherbner."

The defendant had loaned Mrs. White over $50,000, to secure which she had executed a bond and mortgage to him; and she had also assigned and transferred to the defendant the various payments coming due to her under the building loan contract and bond and mortgage obtained through one Lytton. The plaintiffs, who were aware of these arrangements, insisted, as a condition of their entering into the contract with Mrs. White, that the defendant should execute his contract of guaranty mentioned for the purpose of protecting plaintiffs to the extent of $3,000. The plaintiffs, according to their testimony, finished the work which entitled them to the first two payments of $1,500 each. The defendant paid on account of his contract of guaranty $2,830 by six different checks, each made payable to Thomas R. White, who was the agent and husband of Henrietta K. White. White indorsed these checks to the plaintiffs, and plaintiffs drew the money upon each one. One of the checks was for $1,500, and it is admitted that it was delivered and received on account of the first payment. It is also admitted that another check for $500 was delivered and received on account of the second payment. Therefore the plaintiffs claim there is still due $1,000 to them, as the remaining checks, as they claim, were paid for extra work. It was proven upon the trial that the plaintiffs received $410.34 out of a certain mortgage, and the court held as a matter of law that, inasmuch as the other checks, amounting to $830, had been drawn by the defendant with the direction to Mr. White to deliver them to the plaintiffs as a payment upon the second payment due them, the defense of payment had been fully proven; and he therefore granted the motion to dismiss the complaint.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Joab H. Banton, for plaintiffs.

Samuel F. Jacobs, for defendant.

HATCH, J. It appears from the foregoing statement of facts that the plaintiffs had actual knowledge of the relation which existed between the defendant and White, the agent, in making the payments. They had exacted from the defendant the guaranty of particular sums as the work progressed. When, therefore, moneys from the defendant were received, they were bound to apply such payments upon the contract which had been guarantied by the defendant. In each case the payment was made by the check of the defendant payable to White, and the plaintiffs, understanding the relation which existed between these parties, were bound also to take notice of the fact that it was a payment made by the defendant upon his contract of guaranty. It is doubtless true that the plaintiffs would have had the right to apply the money upon any indebtedness, as between them and Mrs. or Mr. White, in the absence of any knowledge or notice by them that the money was to be otherwise applied, even though it was received from a guarantor. Such was the rule announced in Harding v. Tifft, 75 N. Y. 461. That case, however, clearly recognizes that, where the person receiving the money has knowledge of the source from which it comes, and that it is a payment upon a particular contract, the party receiving has no discretion in making application of the same, but is bound to appropriate it to the purpose for which it was paid. Under such circumstances, the principle is not different from that which obtains in the case of involuntary payments, as to which it is held that they must be applied in accordance with equitable principles. Orleans County Nat. Bank v. Moore, 112 N. Y. 543, 20 N. E. 357, 3 L. R. A. 302, 8 Am. St. Rep. 775.

It is claimed, however, that the testimony in this case operates to remove it from the application of such rule. It was testified to by Scherbner, one of the plaintiffs, that after the execution of the guaranty by the defendant the latter stated to him that he was not feeling very well, and that the plaintiffs should have all their dealings with Mr. White; that what he would do would be satisfactory to the defendant, and not to bother him about it; and that Mr. White told him at the time of making the payment to apply it upon the extra work. Assuming, as we must, that this statement is true, I do not think it changes the result. It certainly did not operate to modify the contract of guaranty, nor was it so intended. It did not confer authority upon the plaintiffs to appropriate the moneys of the defendant to other purposes than that covered by the contract of guaranty. The plaintiffs had actual knowledge that the moneys paid by White, although in the form of a check, were the moneys contributed by the defendant in discharge of the obligation which the plaintiffs had exacted before entering upon the performance of the contract. All payments that had been made by defendant were made by check in this form. Consequently the plaintiffs were at all times advised as to the source of the moneys. The theory upon which a party receiving payment may make application of the same as he determines, in the absence of a direction, rests upon the basis that the debtor making the payment is the owner of the money. Such is the doctrine announced in the cases

above referred to. The basis of the rule in the present instance fails, for White concededly was not the owner of the money at the time when he made the payment, or at any other time. He was the mere agent of the defendant in making such payment, and such fact was known to the plaintiffs. The right of application at the will of the plaintiffs, therefore, failed in the only aspect which would invest them with such power. As there was no modification of the contract of guaranty, and as the moneys represented by the check belonged to the defendant, and as no authority was vested in the agent, White, to change the terms of the guaranty, it necessarily follows that the application of payment was required to be made upon equitable principles; and, so applying them, it discharged the debt of the defendant.

The exceptions, therefore, should be overruled, and judgment directed for the defendant, dismissing the complaint, with costs.

O'BRIEN, P. J., and PATTERSON and McLAUGHLIN, JJ., concur. INGRAHAM, J., dissents.