John L. Flynn, J.
The plaintiff corporation and the defendant are tenant and landlord respectively. The lease rental is $3,000 weekly. Tenant failed to make payment of the rent due on June 10,1957, and June 17,1957, and apparently has suffered further defaults. The lease provides: “ It is further expressly agreed (a) if the Tenant shall remain in default for ten (10) days after written notice in the payment of rent or * additional rent ’ or of any sum of money which by the terms of this lease the Tenant is bound to pay * * * then and in each and every such ease, the Landlord shall have the right to terminate this lease by written notice, and upon the date fixed in said notice (which shall not be less than three (3) days after the mailing thereof by registered mail addressed to the Tenant at its post office address hereinabove given), this lease and the term and estate hereby granted shall expire and end of the date fixed in said notice as fully and completely as if that date *408 were the date herein fixed as the expiration of the term of this lease, and the Tenant shall thereafter be deemed to be holding over in possession of the premises without the permission of the Landlord. ’ ’
At the time of lease the individual plaintiff executed a written guarantee which provides: “all of which the undersigned hereby expressly waives and expressly agrees that the validity of this agreement and the obligations of the guarantor hereunder shall in no wise be terminated, affected or impaired by reason of the assertion by Landlord against Tenant of any of the rights or remedies reserved to Landlord pursuant to the provisions of the within lease. * * * It is understood that the aggregate liability of the undersigned hereunder is limited to $50,000.00.”
The guarantor claims to be entitled to make payment of the rent as to which the tenant is in default and to a discharge of his obligation as guarantor to the extent of such payments, all of which the landlord disputes. Accordingly, this action was commenced on June 26, 1957, by the tenant and the guarantor against the landlord for a declaratory judgment. The landlord instituted a summary proceeding on June 21, 1957. The guarantor has been permitted to intervene in the summary proceeding for the purpose of pleading tender of payment and tender into court. Plaintiffs have moved for a temporary injunction staying the defendant from declaring the tenant in defáult with respect to rent due under the lease, payment of which has been tendered as it accrues by the plaintiff guarantor and from taking any steps to interfere with the possession of the leased premises and by separate motion for the transfer of the summary proceeding and its consolidation with this action. Defendant has cross-moved for judgment on the pleadings.
In no event could the guarantor be granted the permission at this time to make payment of the rent pending determination of the action and thereby to discharge his obligation to the extent of such payment for such leave would go further than the most drastic temporary injunction and actually and irrevocably grant the relief sought by the action. Moreover, this is not the usual situation between landlord and tenant wherein the determination of a Supreme Court action will affect the character of the lease by reformation or otherwise or the rights and relations of the parties in such a manner which is outside the competency of the Municipal Court. Actually the plaintiffs say no more than this: that the rent has been offered, you have refused to take it and therefore you may not call a default. The *409 proof to be here adduced is the identical proof available in the summary proceeding and the legal issue is within the jurisdiction of the Municipal Court. The legal conclusion to be drawn is that the rent has or has not been offered and such conclusion does not involve a declaration but a finding of fact merely with the resultant issuance or nonissuance of a warrant. If the plaintiffs were to succeed here in securing a declaration in their favor, then the same proof would yield a finding of tender of payment, absence of default and dismissal of the summary proceeding.
It is well nevertheless to advert to the substance of the issue. Plaintiffs rely on Bayer v. Lugar (106 App. Div. 522, affd. 186 N. Y. 569). That case is inapplicable. The agreement there was not indeed a guarantee of payment but an undertaking directly and primarily to make the first two of a series of payments required to be made to a construction contractor by its contracting party. When thus the payments were made by the third party, the contractor was bound to apply them to the first two payments as provided by the collateral agreement. Here the landlord is at all times entitled to pursue the tenant under the lease and the guarantee expressly provides against cutting down any of the landlord’s remedies against the tenant. Reason would seem to dictate that a guarantee in this situation should have no less force than is customarily invested in a fund or source usually denominated security. In any event as already indicated, neither a declaration, consolidation or a stay is required for the full protection of all parties for by the summary proceeding the Municipal Court is competent to find and adjudge by a mere final order either dismissing the petition or awarding possession. A guarantor, like this one, could offer rent when tenant is wholly solvent, and that way dissolve what is really security. This could open up any kind of fraud. Declaration is totally unnecessary. The stay is vacated. All motions are denied.