Wilbur Larremore, Referee.
On March G, 1884, Alice Rosenstock, one of the defendants, was seized of certain premises in 119tli Street in the City of Rew York, having acquired the same the previous January by conveyance from her husband, Richard Rosenstock, through a third person, and for a nominal consideration. At this time a building was in course of erection upon said premises by said Richard Rosenstock, and various mechanic’s liens had been filed, and claims, not then in the form of liens, existed in favor of mechanics and material-men, for work performed and materials furnished in and about said building, upon contracts with said Richard Rosenstock. On said day, said Alice Rosenstock conveyed said premises to one Flora Sawyer by deed containing full covenants, for the consideration of one dollar, “ and other good and valuable considerations.” Said deed also contained the following clause, “Subject, nevertheless, to ... all contracts outstanding relating to said premises and the building now in course of erection and construction thereon, and all moneys now due or to grow due on account of said contracts or cither of them, and all incumbrances of whatsoever nature and kind soever now a lien upon said premises or any part thereof.”
Said Flora Sawyer executed a mortgage upon said premises to one William Sperb to secure sixty-five hundred dol *315 lars', which was dated, acknowledged and recorded on the same day as the above named deed to her, and which contains the folio-wing clause : “ This mortgage being given to secure a part of the purchase money.” Said mortgage was subsequently assigned to one Miles A. Stafford, who now owns and holds the same. After the delivery of said deed and the recording of said mortgage, and the assignment of the latter to said Stafford, the premises in question were sold at auction under the foreclosure of a mechanic’s lien filed before said deed and mortgages were dated or executed, and at such sale said Miles A. Stafford became the purchaser.
The present proceeding is to determine the rights in and distribute the surplus moneys arising from such foreclosure sale. The disputing claimants are, first, Mr. Stafford, owner of the mortgage assigned to him as aforesaid ; and second, certain mechanics and material-men, who, having done work and furnished materials for the construction of said building, contend that the clause -above quoted from the deed from Mrs. Rosenstock to Stafford’s mortgagor gives them equitable liens upon said surplus moneys for the amount of their respective claims.
Said equitable lienors argue, in the first- place, that Mr. Stafford has no claim by reason of his mortgage, because he purchased at the foreclosure sale, and the mortgage was therefore merged in the freehold acquired by him. But this theory of merger is untenable. If a holder of a first mortgage should purchase, and take a deed on the foreclosure of a second mortgage, there, undoubtedly, a merger would take place. The first mortgage would be a lien on the land, and would not bo in the least disturbed by the foreclosure proceedings under the second mortgage. If, therefore, the first mortgagee took also the fee of the land, there would be a coalescence of the legal and equitable titles to the same property in the same individual, and, consequently, a merger. It is otherwise, however, when, as in the present instance, a junior incumbrancer purchases at *316 the foreclosure of a prior lien. Here, it is true, he acquires the fee, but the lien of his junior incumbrance is, by the very foreclosure proceedings shifted from the land to the surplus, so that lie becomes seized of the fee, cleared from all incumbrances including his own. Therefore, the properties covered by his mortgage and deed respectively, are as separate and distinct as if they had originally applied to different pieces of real estate and no merger could take place. It follows that the mortgage is an existing lieu .on the fund.
Some of said mechanics and material-men who appear here have filed mechanic’s liens, none of which however conform with the statutory requirements in force at the time of such filing, and all of which were- filed subsequently to the recording of said mortgage. This is practically conceded ; and the' only ground on which such claims are urged is the clause in the deed. Counsel for Mr. Stafford, the mortgagee, contends that the referee has no power to consider claims of a purely equitable nature. But under the later authorities it is hardly going too far to say that a referee in surplus proceedings has authority to hear and determine all questions of law and fact directly or incidentally arising, to the end that it may be decided in such proceedings, finally, and on the merits, to whom such surplus belongs (Bergen v. Carman, 79 N. Y. 146 ; Tator v. Adams, 20 Hun, 131; Halsted v. Halsted, 55 N. Y. 442 ; Fliess v. Buckley, 90 Id. 286 ; Kingsland v. Chetwood, 39 Hun, 602; Bowen v. Kaughran, 1 N. Y. State Rep. 121). It was held in Bowen v. Kaughran (supra) that such a referee may take cognizance of equitable conveyances of the land before sale, or equitable assignments of the surplus money. On the same principle, wherever the facts would warrant the filing of a bill in equity to declare a lien on a fund, a referee in surplus proceedings may hear and determine the application to declare such lien, and, if he is of opinión that it should be granted, report directly in favor of the holder thereof.
*317 Applying this rule, it seems quite clear that the facts adduced on this reference are sufficient to establish equitable liens in favor of said mechanics and material-men. It was the intention both of the grantor and the grantee, as evidenced by the delivery and acceptance of the deed containing the clause in question, that such claims should be payable out of the land. The legal effect of taking a conveyance subject to any charge or lien is well settled. The word creates no personal liability but makes the land or its proceeds accountable. This is the only possible legal effect to give to such a clause, so that if the land itself were not held liable the clause would be ignored, and the deed construed as if these words were not in it, and this would violate all rules of interpretation. The argument that there was no consideration to support these equitable liens cannot be admitted. It is immaterial that Mrs. Eosenstock, the grantor, was not personally liable for the debts. It appears that they were contracted by her husband for work and materials actually performed and furnished in and about the premises. She, being then seized, and about to dispose of the property, determined to provide for claims justly • owed on account of it. She accordingly conveyed such property, imposing as one of the conditions of the sale, that these equitable liens or claims should be paid out of it. The consideration for them is, therefore, the same as the consideration of a purchase money mortgage, namely, the transfer of the land. The grantor had the same power to secure the mechanics and material-men by equitable liens that she would have had, if the property had been sufficiently valuable, to secure herself or any other person who had loaned money, by a mortgage from the grantee. The explanation offered of this unusual form of security, by provision in a deed, that she did not know who the creditors of the property were or the amounts of their claims, but intended that the same should be secured when ascertained, is perfectly satisfactory. I am of opinion, therefore, that the equitable liens were as much a'portion of the entire *318 consideration as the small amount- of money which the grantor herself received ; and that it must be held that such equitable liens are established.
This,, however, applies- only to such of the claims as were in existence at the time of the execution of the deed and have not since been paid. It appears that at, dr about the time of the sale* work was stopped on the building and was-' subsequently-resumed under the direction of the purchaser, and under contracts made or ratified after such transfer. Claims arising in the manner last named cannot be admitted here, even taking into consideration the very sweeping language of the clause in the deed. These claims-are allowed-on the theory that they are equitable liens created by the grantor a-s a part of the consideration, and obviously- she cannot be presumed to have intended to provide for claims subsequently to accrue for work subsequently to be done. I shall find that the claims of Patrick J. Troy and George McKenzie, and no others, are valid lions. The testimony shows that the debts of these persons accrued before the .transfer, and probably the reason why' Mr. Stafford never saw and did not know anything about either of these claim-, ants was that their work was substantially completed before he assumed charge of the property. With regard to the, claims of Hnldah K. Twigg and Bunting & Ogle the evidence establishes beyond reasonable doubt that they have’ been paid for any portions of the same which may have existed when Mrs. Kosenstoek conveyed the land.
The next question arising- is as to the distribution of these surplus moneys among the holders of the liens herein allowed. It is claimed on behalf of Mr. Stafford that his mortgage is a purchase money mortgage, and that therefore his lien is superior to the equitable liens of Troy and McKenzie, and that he is entitled to the whole of the fund. The two claimants last named, deny that such mortgage is a-purchase money mortgage.- Even if it were- held to be one, the result for which Mr. Stafford contends would not follow. A purchase money mortgage undoubtedly is a supe *319 rior claim to any liens existing against the grantee at the time of the conveyance ; but equally so is a simple equitable lien for purchase money, although the same is not in the form of a mortgage (Arnold v. Patrick, 6 Paige, 310). The mere fact that one portion of the purchase price is put into the form of a mortgage and another exists simply in the form of an equitable lien, would not give the mortgagee any preference over the equitable lienor. Both the mortgage and the lien would be superior to prior judgments against the grantee; but as between themselves, arising as they do at the same time and being parts of the same transaction, neither is entitled to priority. This is certainly so as to all the original parties to the transaction and all subsequent parties with actual notice of the facts. The result, therefore, if Mr. Stafford’s mortgage were held to be a purchase money mortgage, wonld be the ratable distribution of this surplus among himself and the two equitable claimants.
But. I think evidence has been offered which shows quite satisfactorily that this instrument was not a purchase money mortgage. The evidence is that Mrs. Bosenstock and her husband attended at the office of Mr. Stafford (the present holder of the mortgage), on March 6, 188G. Mr. Stafford acted ns her broker in the sale of the premises and received a commission for such transaction. Mr. Van Loon testifies that he was legal adviser for Mr. and Mrs. Bosenstock at this time; that according to their direction he had previously prepared a deed by them to one William Sperb, and that he mot his clients at Mr. Stafford’s office at the time named, having with him said last named instrument. This instrument recited the consideration of one dollar, and also contained the same subject clause as to equitable claims, etc., which was in the deed to Flora Sawyer. The instrument so prepared by Mr. Van Loon was executed by Mr. and Mrs. Bosenstock and left with Mr. Stafford for delivery. It never was delivered, but continued in Mr. Stafford’s possession down to the present time. In lieu thereof he sent to Mrs. Bosen *320 stock’s house for execution, the following day, a new deed, being the conveyance to Flora Sawyer, upon which this whole controversy is founded. Said Flora Sawyer, the grantee and mortgagor, under whom Mr. Stafford now claims, was a perfect stranger to all the parties. The change in the grantee was made at Mr. Stafford’s suggestion, and Mrs. Bosenstock is positive that as far as she knew, no mortgage was made or intended to be given. I should not attach much weight to her evidence on this point, if it were not corroborated by other circumstances, because she confessedly in all these matters acted under her husband’s advice and did not burden her mind with the details of the business. But it seems singular that she does' not remember having heard of so important a thing as the giving of a sixty-five hundred dollar mortgage as part of the purchase money'of property sold by herself, especially as her attorney, Mr. Van Loon, knew of no paper connected with the sale except the deed originally drawn but not delivered. It is not denied on behalf of Mr. Stafford that no mortgage was contemplated as a part of the original transaction. Indeed he expressly7 admits that he never communicated to Mrs. Bosenstoek anything about this mortgage. Considering Mrs. Eosenstoek’s denial and the latter admission of Mr. Stafford together, the inference is fair that this mortgage was executed on Mr. Stafford’s sole responsibility and without Mrs. Bosenstock’s knowledge. The consideration is the same in both deeds, and no explanation is given as to what was to have been the equivalent of the sixty-five hundred dollar mortgage in the original proposition of sale for which Mr. Van Loon drew the deed. Furthermore, the evidence that is most fatal to the theory of purchase-money mortgage is Mr. Stafford’s own estimate of the value of the property at the time of the sale. It was already subject to mortgages for fourteen thousand five hundred dollars. This is admitted. It is also admitted that there were arrears of taxes ou the property. Mr. Stafford testifies that the property was not worth more than fourteen thousand dollars. It is diffi *321 cult to perceive how, if property worth fourteen thousand dollars was already subject to liens of certainly more than fourteen thousand five hundred dollars, an additional six thousand five hundred dollars would be given for it by way of purchase.
Taking all this evidence together, enough is shown to put the mortgagee to his proof as to what the consideration for the mortgage was, and just how, if at all, it was a purchase money mortgage. Undoubtedly a purchase money mortgage may be given to a person other than the grantor ; but this must be either when such third person has actually advanced money, or, at least with the knowledge and by the direction of the grantor, in such manner that the grantor authorizes and adopts said mortgage as part of the consideration. Here, as above shown, the grantor did not know of the delivery or existence of such mortgage. The .only reason for supposing that it was a purchase money mortgage is the statement contained in the instrument itself. And this was prepared under Mr. Stafford’s direction and was entirely under his control until it was recorded. While an instrument formally executed and acknowledged is to. be taken as presumptively true, a small amount of evidence, under the peculiar circumstances in this case, would be- sufficient to disprove the particular recital in question. Such recital might very easily have been inserted,, in ignorance of the legal significance of the words used, but without having, a basis in fact; and the evidence leads me to. the conclusioii that (his was the case.
As the mortgage was not for purchase money, it is necessarily a subsequent lien to the equitable liens which came into existence with the deed and as a part of the same transaction as the grant. The assignee of the mortgage had actual notice of the clause in the deed.
The report will be for the payment of the claims of Messrs. Troy and McKenzie in full", with interest, and for the payment of the balance of this fund to Mr. Stafford on account of his mortgage.
*322 II. August, 1887.
Motion to confirm referee's report, etc.
Exceptions to the referee’s report having been filed by the claimant, Stafford, the matter was brought to a bearing before Ebeedmah, J., at Special Term, and after argument the ■exceptions were overruled and the report confirmed with :$10 costs to the claimant, Troy, without further opinion.