of the settlement made between Mrs. Root and the defendant, and that his contention was an afterthought.    At all events, I think the jury were entitled to have this evidence, in order that they might say to what extent it impaired the value that might otherwise attach to the testimony of the plaintiff.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to abide the event. · All concur.

(89 Hun, 277.)

LEMMER v. MORISON et al.

(Supreme Court, General Term, Second Department.   July 26, 1895.)

MECHANICS' LIENS—PRIORITY OVER DEED.

Under Laws 1885, c. 342, § 5, declaring that a mechanic's lien shall be preferred to any deed which was not recorded at the time notice of lien was filed, a mechanic's lien has priority over a deed which was actually copied into the register's books before the lien was filed, where the grantor's acknowledgment was taken in another state by an officer who at the time was not authorized by the laws of such state to take acknowledgments, though there was attached to the deed a certificate of the clerk of the court in the county in which the acknowledgment was taken, stating that the officer was duly authorized to take the same.

Appeal from special term, Kings county.

Action by Frank A. Lemmer against Clara E. Morison, impleaded with Sarah A. R. Cox, to foreclose a mechanic's lien.   Judgment was rendered in favor of plaintiff, and defendant Morison appeals.   Affirmed.

The opinion of Mr. Justice BARTLETT at special term is as follows:

This is a suit to foreclose a mechanic's lien.   The plaintiff's right to recover was disputed on the trial solely on the ground that the premises upon which the work was done were conveyed by the defendant Cox to the defendant Morison on April 12, 1893, while the lien of the plaintiff was not filed until April 17, 1893.   The plaintiff meets this objection in two ways: First, by attempting to show that the deed from the defendant Cox to the defendant Morison is not to be considered as having been recorded on April 12, 1893, or prior to the filing of the lien, inasmuch as it was not entitled to be placed on record then; and, secondly, by offering proof tending to show that work was done upon the property subsequent to the conveyance, with the consent of the grantee.

So far as the second point is concerned, I do not think the proof is sufficiently clear or satisfactory to warrant a finding that the defendant Morison consented to the subsequent prosecution of the work.   It seems to me, however, that the plaintiff is entitled to prevail upon the first point.   The mechanic's lien law declares that the liens therein provided for shall be preferred as prior liens to any conveyance, judgment, or other claim which was not docketed or recorded at the time of filing the notice of lien prescribed in the act.   Laws 1885, c. 342, § 5.   The statute makes the record of a deed essential to give it priority over a mechanic's lien.   This means a valid record. The deed of April 12, 1893, was acknowledged in New Jersey before a notary public.   Attached to it was a certificate of the clerk of the county of Camden and clerk of the circuit court of New Jersey in said county in which said deed was acknowledged, to the effect that the notary before whom the acknowledgment was taken was duly authorized to take the same, and to take and certify the acknowledgment and proof of deeds to be recorded in that state.   The uncontradicted evidence before me shows, however, that at that time a notary public in New Jersey possessed no legal authority whatever to

take the acknowledgment of deeds, that power being confined to the chancellor, commissioner of deeds, justices of the supreme court, masters in chancery, and judges of the court of common pleas. The deed, however, was actually copied into the books of the register of Kings county; and the defendants contend that the plaintiff thus having constructive notice of the actual existence of the conveyance, which was undoubtedly good as between the parties to it, the intent of the statute has been complied with, and that the deed should have priority over the lien. But the objection to this view is that it seems to be broadening the language of the statute to an unwarrantable extent. If correct, it would involve holding that a deed of which a mechanic had notice would be entitled to priority over his lien, even though such deed should never be recorded, and this in face of the express declaration that the lien shall be preferred to any conveyance not recorded at the time it is filed.

As these are matters of purely statutory creation and regulation, it seems to me that a strict adherence to the letter of the law is more conducive to justice than a looser construction, with the uncertainties which it would necessarily involve. That the so-called "record" of April 12, 1893, must be deemed wholly ineffectual seems to follow from the case of Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821, where a deed insufficiently acknowledged had been improperly recorded. It was held that that deed could not be read in evidence, and that a title resting upon such alleged record was unmarketable. Under our statute, the proof or acknowledgment of deeds, when made in other states of the Union, may be made before any officer of such state authorized by the laws thereof to take the proof and acknowledgment of deeds; and, when so taken and certified, they shall be entitled to be recorded in any county of the state. Laws 1893, c. 123. The statute in terms requires as a prerequisite to the valid record of a conveyance, not only that it shall be certified to have been proved or acknowledged before an officer authorized by the laws of the other state to take the proof and acknowledgment of deeds, but that the proof or acknowledgment shall actually have been taken by an authorized officer. In the present case the certificate was sufficient on its face, but the trouble is that it was not true. The defendants subsequently recognized the questionable character of the acknowledgment, and proved the deed afterwards before a master in chancery, and had it recorded in the Kings county register's office on June 29, 1893, but this was long after the mechanic's lien was filed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

James P. Philip and E. Raymond, for appellant.
William L. Snyder, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of BARTLETT, J., at special term.

---

### BELLAPPI v. HOVEY.

(Supreme Court, General Term, Fifth Department. October 16, 1895.)

JUSTICES OF THE PEACE—REQUIRING PREPAYMENT OF JURY FEES.

Code Civ. Proc. § 3328, providing that a "justice of the peace, or a constable, juror or a witness before a justice of the peace is not obliged to render any services * * * without previous payment or tender of his fee therefor," only authorizes the officers mentioned to require prepayment of the fees to which they may be entitled respectively, and does not authorize the justice to refuse to issue a venire unless the party asking for it first pays or secures the fees of the jurors.

Appeal from Erie county court.