REEDY ELEVATOR CO. v. MONOK CO. et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1916.)

1. MECHANICS' LIENS ⊂⊃197—PRIORITY—UNRECORDED TRANSFER.

Under Lien Law (Consol. Laws, c. 33) § 13, giving a mechanic's lien priority over a conveyance, judgment, or other claim against such property not recorded, docketed, or filed at the time of filing the notice of such lien, the apparent ownership of the party with whom the lienor's contract was made continued, and was a valid subject of lien when the notice was filed, notwithstanding a prior unrecorded conveyance to defendant.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 342–347; Dec. Dig. ⊂⊃197.]

2. MECHANICS' LIENS ⊂⊃197—RECORD—VALIDITY.

The validity of a conveyance on record is conditioned upon a proper acknowledgment, so as to warrant recording the instrument.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 342–347; Dec. Dig. ⊂⊃197.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Kings County.

Action by the Reedy Elevator Company against the Monok Company and others. From so much of a judgment in a proceeding to foreclose a mechanic's lien as dismissed the complaint on the merits against Anna C. Farrell, plaintiff appeals. Reversed, and cause remitted for adjustment of equities, and for foreclosure and sale.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Harry Lesser, of New York City, for appellant.

George F. Alexander, of Brooklyn, for respondent.

PUTNAM, J. Plaintiff sued to foreclose a mechanic's lien upon property in Brooklyn, for installing an electric freight elevator under its contract made September 28, 1912, with the Monok Company, then the owner. The elevator was put in on March 18, 1913. On June 5th following, the Monok Company sold the premises to defendant Anna C. Farrell, by conveyance duly executed and delivered, followed by the grantee's taking possession, but without recording her deed. Meanwhile, on June 12, 1913, plaintiff filed its notice of lien in due form, in which it specified the Monok Company as owner, and as the one by whom plaintiff had been employed. Though defendant Farrell was a bona fide owner in possession, she failed to record her conveyance until July 16, 1913, over a month after plaintiff's notice of lien.

[1, 2] Although the remedy by early mechanics' lien acts was so defective that the lienor took the risk of being defeated by an unrecorded conveyance (Quimby v. Sloan, 2 Abb. Prac. 93 [1855]), because the title reached was only the interest of the contracting owner as it existed when the notice of lien was filed (Cox v. Broderick, 4 E. D. Smith, 721), later statutes have enabled the lienor to rely on the title as it stands on record when the lienor files his notice (Laws 1863, c. 500, § 1; Laws 1875, c. 379, § 4; Laws 1885, c. 342, § 5; Laws 1897, c. 418, § 13 [now Laws of 1909, c. 38; Consol. Laws, c. 33]). Even the validity of a conveyance on record is conditioned upon a proper acknowledgment, so as to warrant recording the instrument. Lemmer v. Morison, 89 Hun, 277, 35 N. Y. Supp. 623. Such lien now has priority "over a conveyance, judgment or other claim against such property not recorded, docketed or filed at the time of filing the notice of such lien." Laws 1909, c. 38, § 13. Hence, for the purpose of plaintiff's lien, the apparent ownership of the Monok Company continued, and was a valid subject of lien on June 12th, when its notice of lien was filed, notwithstanding the unrecorded conveyance to defendant Farrell.

The judgment of dismissal should therefore be reversed, with costs of this appeal. As other liens may be involved, the cause is remitted to the Special Term to adjust the equities under section 45 of the Lien Law, and to render judgment of foreclosure and sale. All concur.