LOUIS GREENBERG, Plaintiff, *v.* ROBERT MARSH, DE-
FENDER CONSTRUCTION Co. and EDMUND FRANCIS
REALTY Co., Defendants.

(Supreme Court, Bronx Special Term, August, 1917.)

Mechanic's   lien — foreclosure   of — actions — contracts — negotiable
    instruments — costs — **Code Civ. Pro.** § 3253.

    Though two actions to foreclose mechanic's liens are tried together they must be decided separately, and requests to find submitted in form as if the actions had been consolidated will be refused as not in proper form.

    Where in an action to foreclose a mechanic's lien it appears that plaintiff, a materialman, has fully performed his contract with the principal contractor except in so far as prevented by defendants, he is entitled to recover the fair and reasonable value of the materials and labor furnished by him and has a valid lien on the property therefor.

    Where plaintiff accepted in settlement of two certain payments, one-half cash and one-half notes which did not bear

interest, any item of interest on the notes cannot enter into the value of material delivered for which a lien is claimed.

Under section 3253 of the Code of Civil Procedure an extra allowance of ten dollars is all that may be granted to the successful plaintiff herein.

ACTION to foreclose mechanics' liens.

Louis Rosenberg, for plaintiff.

Charles D. Reed, for defendant Defender Construction Co.

Miller & Hartcom, for defendant Edmund Francis Realty Co.

ORDWAY, J. These are two actions to foreclose mechanics' liens. The actions were tried together, but, of course, must be decided separately. The attorney for one of the defendants has submitted one form of requests, as if the actions had been combined; his requests cannot be passed on because not in proper form, and are therefore refused. Defendant Marsh had two contracts for the plumbing, one for each building owned by the defendant Defender Construction Company. He entered into two subcontracts with the plaintiff to supply the materials. These contracts were entire, that is, a lump sum was agreed to be paid for all material to be supplied, but in order to consider the points raised on the trial the materials may be divided into four parts. Certain material was to be supplied to be placed in the building before it was completed sufficiently to receive the fixtures; this material was substantially all of the so-called roughing. Then there was a small part of the material needed to place the fixtures; this was not delivered until the building was ready for the fixtures. Then there were

the fixtures, and in addition there was extra material, not covered by the contract, but needed and ordered by the contractor, Marsh. The plaintiff delivered on each building the roughing material above mentioned and the extra material, but he never delivered the fixtures, except a few on each building, or the balance of the material mentioned above as needed to place the fixtures. The controversy has arisen over the failure to deliver these items. The defendants at the outset contended that the plaintiff's liens were void, because filed for a sum grossly in excess of the amount due, and that such gross excess was apparent on the face of the liens. The plaintiff stated in his liens the amount of the contract, the value of the material delivered, the value of material to be delivered, the amount paid on each contract and the amount due for material delivered. The lien was filed, as permitted by the Lien Law as it then existed, to cover materials delivered and to be delivered. While the amount of the lien was in each case four or five times the amount claimed to be due, it was exactly the amount claimed to be due and to become due should all material be delivered. The amount actually due was plainly evident on the face of the liens, and they must be held to be valid. The defendant owners claim further that they are not bound by the liens, because they did not know that the plaintiff was a subcontractor and did not consent to his furnishing the materials and because no notice of lien was served on them. I must hold that the evidence proves the contrary, and shows that the Defender Construction Company knew at the time plaintiff's contract was made that it was being made, and what it contained as to fixtures; that the defendant Edmund Francis Realty Company when it took the deed of the premises, or shortly thereafter, knew that plaintiff had the contract for the plumbing materials;

that he furnished such materials with the knowledge and consent of both of them, and that plaintiff served notice of lien on both of said defendants. It is true that the plaintiff was somewhat confused in his testimony, but enough was shown by uncontradicted evidence to prove service of the notice. The defendants further claim that plaintiff breached his contracts, and that the defendant Marsh was compelled to purchase materials of other supply men at a cost in excess of the balance due plaintiff. If they are correct in this claim, of course, plaintiff cannot recover. But in my opinion, they are not correct. The contract defendant Marsh had with the owner called for a certain class of fixtures, while his contract with the plaintiff called for an inferior quality. I am inclined to think, from the evidence, that the defendant Marsh hoped and expected to be permitted to install an inferior grade of fixtures, but because of a change of ownership was unable to carry out this plan. The plaintiff delivered for approval samples of certain fixtures which he claimed to be of the grade called for by his contract, but the new owner rejected them. The plaintiff, although claiming that they were in accordance with his contract, notified defendants that he was ready and willing that defendants should select the fixtures themselves, only limited by the grade called for by his contract, and offered to furnish same. The defendants declined to accept such offer and insisted on plaintiff delivering the better grade called for by the contract with Marsh. This was not a breach by plaintiff of his contract with Marsh, but was rather a breach of that contract by the defendants. It follows that the plaintiff, having been prevented by the defendants from carrying out his contracts in their entirety, and having fully performed, except in so far as prevented by the defendants, is entitled to recover the value of the

materials furnished by him, and has a valid lien on the property therefor. Under the express provisions of the Lien Law, I am of the opinion that the fact that the unperformed part of plaintiff's contract with Marsh called for materials of an inferior quality to those called for by the owners' contract with Marsh is no defense to this action, so long as the plaintiff was ready and willing to perform his contract and offered to do so. It is clear also that the plaintiff's liens are valid as against defendant Edmund Francis Realty Company, both because the lien was filed before the deed to it was recorded, and because of its knowledge of and assent to plaintiff's furnishing the materials. There remains to be considered the fair and reasonable value of the material delivered by the plaintiff. The proofs convince me that the values given by the plaintiff are fair and reasonable, and that the values given by the defendants are unfairly reduced. In the first place, the plaintiff was to receive a payment of $1,300 on one contract and $1,400 on the other contract when the roughing material was delivered, and it was proved to my satisfaction that those sums were considered as about 80 per cent. of the value of the materials that would have been furnished when those sums were paid. In each instance the remaining twenty per cent, or thereabouts, slightly exceeded the amounts claimed by the plaintiff as the value of the material furnished after deducting the payments. In the next place the testimony of one of defendants' witnesses that the reasonable value of the materials furnished by plaintiff would be wholesale cost plus ten per cent to cover all plaintiff's expenses, profits, etc., does not seem to me to be reasonable, and I think that plaintiff's testimony of twenty per cent to twenty-five per cent addition to wholesale cost is more reasonable. On all the evidence, I hold that the plaintiff's figures as to reason-

able and fair value of material furnished by him are correct. There is one item included in plaintiff's bill of particulars in action No. 1 which is disallowed. Plaintiff accepted in settlement of the two payments of $1,300 and $1,400 one-half cash and one-half notes. If he omitted to see that the notes he took did not bear interest it was his own fault, and as he took the notes in settlement he cannot charge interest thereon. Any item of interest on notes cannot enter into the value of material delivered for which a lien is claimed. I have therefore disallowed the item of $14 interest in action No. 1. Judgment for plaintiff, with costs and an extra allowance of $10, which is all that section 3253 of the Code permits, in each case. The requests to find submitted by the parties have been passed on and filed, except that those submitted in behalf of defendant Marsh have been refused *in toto* as not in proper form. Submit decisions containing all findings and conclusions found, also proposed judgments to be settled on notice.

Ordered accordingly.