REEDY ELEVATOR COMPANY, Respondent, *v.* THE MONOK COMPANY et al., Defendants, and ANNA C. FARRELL, Appellant.

**Appeal — when judgment of Appellate Division reversing dismissal of complaint and remitting case to Special Term to adjust equities and render judgment not final and not appealable to Court of Appeals.**

A judgment of the Appellate Division which reversed a judgment of Special Term dismissing the complaint, in an action to foreclose a mechanic's lien, and directed that the case be remitted " to Special Term to adjust the equities  *  *  *  and to render judgment of foreclosure and sale," is not a final judgment where it is apparent

that the court must have meant that the plaintiff should have judgment for such sum as the court upon the new trial should determine to be due, and, therefore, is not appealable to this court.

*Reedy Elevator Co.* v. *Monok Co.*, 171 App. Div. 653, appeal dismissed.

(Argued November 14, 1918; decided November 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1916, reversing a judgment in favor of defendant, appellant, entered upon a dismissal of the complaint as to her and remitting the case to the Special Term to adjust the equities under section 45 of the Lien Law and to render judgment of foreclosure and sale.

*George F. Alexander* for appellant.

*Harry Lesser* for respondent.

*Per Curiam.* This action was brought to foreclose a mechanic's lien. Judgment was given dismissing the complaint as against the defendant Anna C. Farrell, owner of the property. On appeal the judgment was reversed by the Appellate Division and " case remitted to special term to adjust the equities under section 45 of the Lien Law and to render judgment of foreclosure and sale." Section 45 of the Lien Law (Cons. Laws, ch. 33) provides: " The court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and determine all issues raised by any defense or counterclaim in the action." The Felber Engineering Works filed an answer denying that its lien was subordinate to the plaintiff's and setting forth its own lien. It did not, however, appear upon the trial. This was the only lien referred to in the complaint. The defendant Farrell answered denying that the plaintiff had performed the work alleged and that the amount stated was due.

When the Appellate Division, therefore, sent the case back for a new trial to adjust the equities under section 45 of the Lien Law and to render judgment of foreclosure

and sale, it did not say that judgment should be rendered for the plaintiff as demanded in the complaint, and must, therefore, have meant that the plaintiff should have judgment for such sum as the court upon the new trial should determine to be due. The only other lien alleged by the pleadings to be upon the property was that of the Felber Engineering Works, and it had not appealed to the Appellate Division as it had defaulted upon the trial.

This judgment appealed from, therefore, is not a final judgment and not appealable to this court. Article VI, section 9, of the Constitution of this state provides that except where the judgment is of death, appeals may be taken as of right to this court only from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court finally determining actions or special proceedings, unless the appeal be allowed.

For the reasons stated herein the appeal should be dismissed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed.