MAX SCHWARTZ, Plaintiff, *v.* MORRIS RAPPAPORT and
Others, HAIM S. GOLDBERG, Impleaded, Defend-
ants.

(Supreme Court, Kings Special Term (Trials), April, 1921.)

Action to reform mortgage — priority of mechanics' liens —
recording.

> The right to have a mortgage containing no description of
> the real property intended to be covered thereby, reformed in
> that particular, is subject to the rights under a mechanic's lien
> filed against the property after the mortgage was recorded.

ACTION to reform a mortgage.

Ginzburg & Picker, for plaintiff.

Joseph W. Gottlieb, for defendant Goldberg.

CROPSEY, J. The question is one of priority between
plaintiff's mortgage and defendant's mechanic's
lien. The mortgage was made and recorded before
the lien was filed, but the mortgage did not describe
the property intended to be covered by it, which
was the property affected by the defendant's lien.
This action is to reform the mortgage by making it
cover the property in question, as was originally
intended, and then to foreclose it.

In the absence of a statutory provision, the holder
of a mechanic's lien has no greater rights than a
judgment creditor and his lien is subject to the rights
of those holding deeds or mortgages although unre-
corded when the mechanic's lien was filed. *Payne* v.
*Wilson,* 74 N. Y. 348, 355, *et seq.* But the Lien Law,
section 13, provides: "A lien for materials furnished

or labor performed in the improvement of real property shall have priority over a conveyance, judgment or other claim against such property not recorded, docketed, or filed at the time of the filing of the notice of such lien, except as hereinafter * * * provided; * * *.'' The plaintiff's mortgage was not recorded, that is, it was not a valid lien against the property covered by the mechanic's lien at the time the latter was filed. Even if the defendant had known of the existence of plaintiff's mortgage, the former's lien would have priority. Plaintiff's mortgage could come ahead of the defendant's lien only if it had been properly recorded against the property affected before the lien was filed. *Lemmer* v. *Morison,* 89 Hun, 277; *Reedy Elevator Co.* v. *Monok Co.,* 171 App. Div. 653.

Plaintiff contends that the case of *Payne* v. *Wilson, supra,* is authority for his contention that his mortgage has priority, and he asserts that case was decided on the statute of 1875, chapter 279, which contains a provision similar to that now in section 13 of the Lien Law. He also suggests that chapter 500, of the Laws of 1863, was involved in that case. All of these claims and suggestions, however, are unfounded. The *Payne* case arose on a lien filed in 1872, before the enactment of the Laws of 1875, and chapter 500 of the Laws of 1863 applied only to the then city of New York, and in the *Payne* case the lien was filed in the county of Kings, which was then not a part of that city. The statute which then applied to mechanics' liens filed in the county of Kings was chapter 478 of the Laws of 1862, but that contained no provision similar to that of the present statute and so the *Payne* case is authority only for the proposition that in the absence of a statute a mechanic's lien does not have priority over an unrecorded deed or mortgage.

The plaintiff is entitled to reform his mortgage and to foreclose it, but his rights are subject to those of the defendant Goldberg under his mechanic's lien. The defendant Goldberg is entitled to costs.

Ordered accordingly.