CORPORATE INVESTING COMPANY, Plaintiff, *v.* THE MOUNT VER-
NON METAL PRODUCTS COMPANY, INC., Respondent, Impleaded
with WILLIAM F. VIDAL, Defendant, and THE MOUNT VERNON
COMPANY, SILVERSMITHS, INC., Appellant.

Second Department, June 27, 1923.

Mortgages — foreclosure — surplus  money  proceedings — referee has
equitable jurisdiction to entertain purely equitable claim — pending
suit in equity by claimant to have equitable lien satisfied out of property
does not bar jurisdiction — existence of equitable lien cannot be deter-
mined on facts proven — decision in equity action discharging lis
pendens does not determine that lien does not exist since complaint
in that action has been amended.

A referee appointed in surplus money proceedings on a mortgage foreclosure has
equitable jurisdiction to entertain a purely equitable claim and to pass thereon.

The fact that there is a suit in equity pending by the claimant to have an equitable
lien, which is the equitable claim presented in the surplus money proceedings,
satisfied out of the property, does not bar the referee's jurisdiction.

In this case the existence of the equitable lien in favor of the claimant cannot
be determined on the facts proven.

Decision in the equity action discharging a *lis pendens* does not determine that
the claimant has no lien upon the property since after that decision was handed
down the complaint in that action was amended and that complaint is not
before the Appellate Division and there is no proof presented which would
be competent under it.

APPEAL by the defendant, The Mount Vernon Company, Silver-
smiths, Inc., from an order of the Supreme Court, made at the
Westchester Special Term and entered in the office of the clerk of
the county of Westchester on the 15th day of November, 1922,
confirming the report of a referee in surplus money proceedings
and directing distribution of the surplus.

The controversy in these surplus money proceedings is between
the Mount Vernon Company, Silversmiths, Inc. (hereinafter referred
to as the Silversmiths Company), and the Mount Vernon Metal
Products Company, Inc. (hereinafter referred to as the Products
Company). The Silversmiths Company filed a notice of claim to
the surplus arising from the foreclosure of a paramount mortgage
upon the property of the Products Company. This notice claimed
$78,265, " by virtue of an equitable lien arising as a result of
advances made to and on behalf of " the Products Company. The
notice further stated that "An action is now pending in the Supreme
Court  *  *  *  the object of which action is to have the equitable
lien of the plaintiff satisfied out of the property  *  *  *  for the
amount of the advances." The complaint in the last action referred

18

**274** Corporate Investing Co. *v.* Mt. Vernon M. P. Co., Inc.

Second Department, June, 1923. [Vol. 206

to was the subject of consideration by this court (*Mount Vernon Co., Silversmiths, Inc.,* v. *Mount Vernon Metal Products Co., Inc.,* 202 App. Div. 753), where an order denying the motion of the Products Company to discharge the *lis pendens* in that suit was reversed. Thereafter the hearing before the referee in the surplus money proceeding came on for hearing. The amount of the surplus is $6,144.26. It is claimed by the Products Company as the owner of the equity of redemption of the property mortgaged, and by the Silversmiths Company on account of the $78,265 claimed as an equitable lien. Upon a hearing in the surplus proceedings the referee ruled that the Silversmiths Company was " not entitled in this proceeding to try out " its claim, but stated that he would take such offer of proof as was desired thereon. The Silversmiths Company thereupon offered to prove payments by it to the holder of the first mortgage on account of principal and interest, aggregating $10,000, and also payments on account of city taxes on the property, amounting to $1,768.57. This proof was objected to " upon the ground that they establish, if anything, only the right to a personal action " against the Products Company " and furnish no foundation for a lien against the surplus." The referee sustained the objection on the ground that there was " no right to try that issue out in this proceeding." A further offer was then made to prove the amount of the additional advances, up to the total of $78,265, and the same objection, in amplified form, was made, including specific reference to the action pending for the establishment of the equitable lien, and that " the offer now made is in effect an offer to try the merits of the main suit * * * and that such proof is not admissible because it will result in trying the same issues between the parties in the Trial Court, before the Referee in this proceeding." The objection was sustained, the referee refusing the offered testimony " upon the ground that the alleged claim for a lien cannot be tried in this proceeding." By findings requested by both parties, and incorporated in the referee's report, it appears as found that the objection to the proof offered was " by reason of the pendency " of the other suit, and that the Silversmiths Company " is, by reason of the pendency * * * not in a position to try out its claim in this proceeding because it would result in two trials of the same issues between said parties." The referee reported, as a conclusion of law, that the surplus was due and payable to the Products Company " as the owner of the real estate foreclosed, and of the equity of redemption therein," and denied the conclusion requested by the Silversmiths Company " That the payment of the surplus moneys * * * to the " Products Company, " should be deferred until the determination of said action."

*Henry R. Barrett [Robert C. Beatty* with him on the brief], for the appellant.

*Frederick S. Taggart,* for the respondent.

KELBY, J.:

The question argued on this appeal is whether a referee in surplus proceedings has general equitable jurisdiction to entertain claims which are purely *equitable* in nature, or, as contended by the Products Company, his jurisdiction is limited to the allowance of liens which are stictly *legal,* with equitable jurisdiction only extending to consider matters in avoidance of, or defense to, such legal claims, as, for instance, fraud in the origin thereof.   In *Bergen* v. *Carman* (79 N. Y. 146, 151) the Court of Appeals announced the rule that since the object of the reference was to ascertain to whom the surplus belonged, " this opens a door to an inquiry as to the character of all liens which may be presented," the reasoning of the court being that where jurisdiction of a court of equity was once acquired, such court as a general rule has the right to proceed and do justice to all the parties.   Perhaps that case standing alone would be subject to the limitation that the general language used was in reference only to the assumption of equitable jurisdiction of matters presented in defense to a legal lien.   But in the light of such of the cases as have followed *Bergen* v. *Carman* no such limitation survives.

In *Tator* v. *Adams* (20 Hun, 131) jurisdiction of the referee was sustained to try the question whether, in a conveyance, a certain clause which, unreformed, stood in the way of a claim to the surplus, was inserted by mistake.   In sustaining the jurisdiction it was said that *Bergen* v. *Snedeker* (21 Alb. L. J. 54, *sub nom. Bergen* v. *Carman,* 79 N.Y. 146) had settled the doubt suggested by earlier cases as to the power of the referee to investigate " every question  *  *  * tending to show the equities of the claimants."   That observation was later adopted by Mr. Justice MCADAM in *Wilcox* v. *Drought* (36 Misc. Rep. 352).   In *Bowen* v. *Kaughran* (1 N. Y. St. Repr. 121) it was held that where the intent in executing certain written instruments was to assign shares of the surplus moneys, the referee, despite the absence of express words of assignment, had power to report in favor of the instruments as equitable assignments, and thus save the circuity of action which would be necessitated by remitting the claimants to a suit in equity to establish their equitable claim. The report of the learned referee in that case was approved and his opinion adopted by Chief Justice SEDGWICK.   (*Bowen* v. *Kaughran, supra,* 130.)   In *Crombie* v. *Rosenstock* (19 Abb. N. C. 312) certain liens of materialmen were invalid for defects of form or lack of

record, but there was a clause in the deed which had transferred the property to the mortgagor, stating that the conveyance was " Subject * * * to * * * all contracts outstanding relating to said premises and the building now in course of erection and construction thereon," and the materialmen claimed that thereby they were given an equitable lien upon the surplus. The same referee (Wilbur Larremore) entertained the claim as " of a purely equitable nature," and cited the cases from *Bergen* v. *Carman* (*supra*) down to *Bowen* v. *Kaughran* (*supra*), as establishing the rule that " wherever the facts would warrant the filing of a bill in equity to declare a lien on a fund, a referee in surplus proceedings may hear and determine the application to declare such lien, and, if he is of opinion that it should be granted, report directly in favor of the holder thereof." His report was approved by FREEDMAN, J. Mr. Justice McADAM later cited the case, among many others, in *Wilcox* v. *Drought* (*supra*) as authority for the general proposition that " the referee may inquire into and determine all questions of law and fact, usury, fraud or the like, and every question tending to show the equities of the claimant, to the end that it may be decided in such proceedings finally and on the merits to whom such surplus moneys belong."

The possibility of two trials, or the actuality of two trials, is not of importance. As to the doctrine of election of remedies, or of the objection of " another action pending," the first only applies where there is a choice between two remedies, which proceed upon " opposite and irreconcilable " claims of right (*Henry* v. *Herrington*, 193 N. Y. 218), and the second requires complete identity of parties, cause of action and judgment sought (*Cornell* v. *Bonsall*, 176 App. Div. 798), and is " subject to this limitation, recognized in all the cases, that full relief can be obtained in the first proceeding." (CULLEN, J., in *Matter of Hood*, 27 Hun, 579.) None of these conditions exist in the present situation, where on the one hand we have a suit in equity, which may possibly result only in a judgment *in personam*, and on the other the proceeding *quasi in rem*, against the fund, which is to be distributed before the other suit comes to trial. And finally, the objection of another action pending is not matter in bar, as in effect made here by the award of the surplus to the Products Company, but is matter only in abatement, or stay of proceedings in one action or the other, until the issue has been determined. (1 C. J. 1163.)

The remaining question discussed in the briefs is whether, on the facts indicated in the offer of proof, there would be adjudged the equitable lien claimed. Upon this point the Silversmiths Company relies upon the alleged fact of payment by it of sums which reduced the amount of the mortgage foreclosed, and in reality

produced the surplus. The lien would thus seem to rest upon the principle of subrogation, as well as upon the authorities cited to the effect that where an agent, in charge of his principal's property, has made advances for its benefit, he has a lien for reimbursement. (Pom. Eq. Juris [4th ed.] § 1235.) Respondent contests the idea of a lien upon the authority of the decision of the appeal to this court in *Mount Vernon Co., Silversmiths, Inc.,* v. *Mount Vernon Metal Products Co., Inc.* (202 App. Div. 753), where the *lis pendens* was ordered discharged. It appears, however, by uncontradicted statements in the briefs on both sides, that after that appeal the complaint was amended, and the merits of the amended complaint have never been considered and are not in the present record for consideration. The scope of the amendment appears in the appellant's brief, and the appeal record on the former appeal shows that no such averments were in the original complaint, which rested entirely upon the express terms of the contract for the management of the property by the Silversmiths Company. As the complaint has been amended, the former decision of this court cannot be accepted as authority upon the cause of action as disclosed in the *amended* complaint, without either the amended complaint before us, or without the proof which would be competent under it. This proof the referee has refused to receive and has, therefore, never weighed. It cannot be said that the proof would not establish the equitable lien, until we see what the proof is.

The final order in surplus proceedings should be reversed on the law, with costs, and the proceeding remitted to the same referee to take proof of the alleged equitable lien of the Mount Vernon Company, Silversmiths, Inc.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Final order in surplus proceedings reversed on the law, with costs, and proceeding remitted to the same referee to take proof of the alleged equitable lien of the Mount Vernon Company, Silversmiths, Inc.