Frank J. Kronenberg, J.
In this surplus money proceeding incident to a mortgage foreclosure, the fund involved is $3,312.49 before referee’s fee and costs and expenses of the proceeding.
Claimant De Nuccio, vendee under an executory contract of sale, which contract was cut off by the foreclosure of the superior mortgage, claims $2,900 paid the vendor, Reese, toward the purchase price and $500.82 for improvements made on the premises while claimant was in possession.
Claimant Tontine Shops installed materials in the premises and filed a mechanic’s lien for $348. Moyer Electric likewise installed materials and filed a mechanic’s lien for $311.
Claimant United States of America filed tax liens against Reese, the vendor, amounting to $5,177.87.
The trustee in bankruptcy of Reese, the mortgagor and vendor, claims anything that may be left after payment of the above- *491 listed superior claims. Since there will obviously be nothing left for the mortgagor, no discussion of this claim is needed.
The dates affecting the rival claims are as hereinafter set forth.
De Nuccio entered into an unrecorded contract with Reese on September 15,1955 to buy the premises which were encumbered by a mortgage to plaintiff. Between the date of the contract and January 15, 1956 De Nuccio paid Reese $2,900 toward the purchase price. Claimant entered into possession of the premises, as vendee, on January 16,1956 and made improvements costing $500.92, completing the improvements April 4, 1956.
Tontine Shops furnished materials to Reese and filed its lien March 8,1956. Moyer Electric filed its notice of lien March 14, 1956.
United States filed its Federal tax liens against Jacob Reese on April 6, 1956.
Reese filed a petition in bankruptcy in June, 1956, and in November, 1956 the premises were sold pursuant to a foreclosure judgment of this court.
Turning first to the priorities between De Nuccio, the vendee in possession, and the United States, which thereafter filed tax liens against the vendor, we find that section 6323 of the Internal Revenue Code provides that such liens are not valid against “ any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed
De Nuccio contends that he is a “ purchaser ’ ’ and that the $2,900 purchase money he paid before the filing of the tax liens gives him priority, so that he must be paid that sum out of the surplus before anything is paid on the tax liens. The United States claims that De Nuccio is not a purchaser because no deed was delivered under the contract. The question then is whether a contract vendee in possession is a purchaser within the meaning of section 6323.
The court holds that the question must be answered in the affirmative. Lacking any specific definition of the word “ purchaser ” by the Congress, we assume that that body meant the word to have its usual legal meaning.
“ The word purchase, as designating the origin and nature of title to real property, has a technical but well settled meaning. It includes every mode of acquisition of an estate in land known to the law, except inheritance.” (Strough v. Wilder, 119 N. Y. 530, 535.)
The contract gave De Nuccio at least an equitable estate in the land. Matter of City of New York (Jefferson Houses-Lombardi) (306 N. Y. 278, 282) holds that a contract vendee acquires *492 ‘1 equitable title to the real property prior to the time title vested. It obtained an interest in the land of such a nature that the only estate remaining in the vendor was a lien for the purchase money, to secure the payment of which he retained the bare legal title.”
Karp v. Twenty Three-Thirty Ryer Corp. (185 Misc. 440, 442, affd. 270 App. Div. 758) holds that a contract vendee “ is in equity considered as the owner ” and so acquires an “ estate or an interest ” in the real property.
“A contract for the sale of real estate immediately vests in the purchaser the equitable title while the vendor remains seized in the land for the benefit of the purchaser and holds the legal title only as security for the payment of the remainder of the purchase price. (Williams v. Haddock, 145 N. Y. 144.) ” (Crippen v. Spies, 255 App. Div. 411, 413.) (Emphasis added.)
In this proceeding, the court sits as a court of equity (Corporate Inv. Co. v. Mt. Vernon Metal Prods. Co., 206 App. Div. 273), and is “ guided by equitable rules in its determination of the priorities of the claims ”. (Davison v. MacDonald, 124 Misc. 726, 729, affd. 216 App. Div. 759.) The court must recognize De Nuccio’s equitable estate and concomitant lien (Elterman v. Hyman, 192 N. Y. 113) and that he is thereby a purchaser within the meaning of section 6323 of the Internal Revenue Code.
While claimant De Nuccio was in possession from January 16, 1956 until the end of April in that year, such fact seems immaterial here. Possession or the lack thereof might affect the right to extend a vendee’s lien to cover items not here involved. (See Davison v. MacDonald, supra.) And possession is important when section 240-a of the Real Property Law, relating to risk of loss, is applicable. But section 6323 of the Internal Revenue Code contains no requirement that the purchaser be in possession.
Nor does that section of the code require recording of the instrument by which the purchaser acquired his interest in the land. Since it is still the law in this State that possession is notice of the vendee’s interest (see Governor’s Memorandum of April 25, 1957 on veto of Assem. Int. No. 1327), the United States’ claim gains nothing through De Nuccio’s failure to record the contract.
In deciding that De Nuccio’s claim has priority over the United States ’ claim, the court has not overlooked the December 6, 1957 decision of the Court of Appeals in Aquilino v. United States of America (3 N Y 2d 511) holding that State law must bow to Federal law in alloting priorities to United States tax liens. The court has applied the Federal lqw (Int. Bey, Qqde? *493 § 6323) benefiting purchasers and, in the absence of an applicable Federal definition of ‘ ‘ purchaser, ’ ’ has employed the State law’s reasonable and proper definition which is consistent with the Federal law.
Passing on to the question of priorities, as between De Nuccio and the mechanics’ lienors, Tontine and Moyer, section 13 of the Lien Law gives the lienors priority over De Nuccio’s unrecorded contract. (Reedy Elevator Co. v. Monok Co., 171 App. Div. 653, appeal dismissed 224 N. Y. 699; Schwartz v. Rappaport, 115 Misc. 227; Greenberg v. Marsh, 101 Misc. 18, affd. 184 App. Div. 890.)
Having decided that the mechanics’ liens are superior to De Nuccio’s claim and that De Nuccio’s claim is superior to that of the United States, the court is faced with the problem posed by the decision in Aquilino v. United States of America (supra) which rules that United States tax liens are superior to mechanics’ liens, and indicates that the respective filing dates are immaterial since mechanics ’ liens are not given the preferential status accorded to purchasers by section 6323 of the Internal Revenue Code. (See, also, United States v. Vorreiter, 355 U. S. 15.) The opinion of Justice Hill in Koehler v. Aljon Homes (2 Misc 2d 474) shows clearly how inequitable is the subordination of mechanics ’ liens to tax liens.
Under Federal law, the United States takes no part of the surplus moneys because the prior claim of De Nuccio, as purchaser, consumes the entire fund. Claimant United States may not be heard to complain because State law allows the mechanics’ lienors to take part of De Nuccio’s share. If we apply only Federal law, the United States does not share because De Nuccio takes the entire fund. If we apply only State law, the United State does not share because De Nuccio and the mechanics’ lienors take the entire fund. The court sees no necessity for attempting to create a hybrid of Federal and State law whereby claimant United States would receive more than Federal laws entitle it to.
The claims of Tontine Shops ($348) and Moyer Electric ($311) are directed to be paid and the balance remaining after proper fees and expenses is to be paid to De Nuccio. The disposition above made leaves insufficient funds to pay the full amount of De Nuccio’s claim for return of the purchase price, and therefore it is unnecessary to determine the rank of his claim for improvements made.