John P. Cohalan, Jr., J.
This is an application to confirm a Referee’s report in surplus money proceedings after foreclosure of a real estate mortgage. The report of the Referee to compute dated March 30, 1963, which was subsequently confirmed by the court, determined ‘ ‘ that the premises consist of a plot approximately 75 feet by 100 feet on which a raised ranch dwelling is under construction and are so circumstanced that same should be sold in one parcel.”
Premises consist of part of Lots 18 and 26 and all of Lots 20, 22 and 24 in Block 26 on the Map of Colonial Manor in the Town of Islip. Title to all of the lots, except Lot 20, is registered pursuant to the provisions of article 12 of the Real Property Law. Lot 20 includes a portion of the dwelling and, according to the report of the Referee in surplus money proceedings, contains about four fifteenth of the entire property. There are mechanics’ liens and a number of judgments against the property. It appears that none of the liens and none of the judgments were memorialized upon the registration of title certificate, except for the judgment of Teresa-Mogel Flooring Co., Inc. Said defendant is a defendant-judgment creditor. This judgment was docketed with the Suffolk County Clerk on January 10, 1963 and filed with the Registrar of Suffolk County on February 3, 1963. The premises were sold at public auction on September 20, 1963. Pursuant to the Referee’s report of sale there is a surplus of $8,187.21.
Judgment creditor, Fazio Trucking Corp., by cross motion, requests that its claim as a defendant-judgment creditor be allowed since the transcript of the judgment was docketed with the County Clerk on July 13, 1962 and nothing has been paid thereon. There is no opposition to the cross motion. Upon the papers before the court the cross motion should be granted and the report of the Referee in surplus money proceedings is modified accordingly so as to provide for the payment of this judgment and interest as Item No. 4 of the liens against the realty.
No one else has filed any objections to the report of the Referee in surplus money proceedings except for the defendant-judgment creditor, Teresa-Mogel Flooring Co., Inc. That judgment creditor states in substance that since its judgment was not only docketed with the County Clerk but also with the Registrar, that it should be given priority over all the other *158 claims. Were it not for the fact .that a portion of the realty, namely, Lot 20, is not included in the registration of title proceedings, this contention of said defendant would be warranted pursuant to sections 400 and 417 of the Beal Property Law. Section 417 of the Beal Property Law specifically provides: “ No judgment, decree, attachment, execution, mechanic’s lien, or other lien or charge, which may affect or .be a lien or charge upon real property in this state, shall be or become a lien or charge on real property, or any right or interest therein, the title to which has been registered, unless a transcript, or certified copy, or other duly made or certified document, which is by law proper evidence in a court of record, of such judgment, decree, attachment, mechanic’s lien, or other lien or charge, shall be duly filed with the registrar, and a proper memorial thereof made by him upon the certificate of title in the title book
On the other hand OPLB 5203 provides that judgments docketed with the County Clerk shall be liens against the real property of a judgment debtor upon the docketing of such judgment or transcript thereof with the County Clerk.
Section 1361 of the Real Property Actions and Proceedings Law provides for the reference in surplus money proceedings. Proceedings to foreclose the mortgage in this action would necessitate a title search in the County Clerk’s office as well as a search of the records of the Registrar’s office. Notice of the liens and judgments filed with the County Clerk would thus be afforded to anyone searching this title whether or not the same were filed with the Registrar.
The Referee in this proceeding has determined, “ Of all the foregoing possibilities, the logical choice appears to be the second one, that is, to treat the surplus money as standing in the place of common law property. Because of the location of the dwelling and zoning requirements, it was impossible tp sell the property in parcels. Therefore, a lien against even a very small part of the premises would have constituted an encumbrance requiring satisfaction before a prudent purchaser would accept a conveyance.”
The court, the Referee in this proceeding and the parties have not found any reported citation in point. The registered and unregistered portions of the property were not treated any differently in the mortgage foreclosure judgment. It was directed that this property be sold in one parcel. There would seem to be no authority for allocating any particular portion of the surplus moneys resulting from the sale of the parcel to the registered or unregistered title. Accordingly, the determi *159 nation of the Referee in this proceeding is a logical and an equitable method of distributing the surplus moneys. (Niagara County Sav. Bank v. Reese, 12 Misc 2d 489, 492, dsmd. upon stipulation, 6 A D 2d 991): “ In this proceeding* the court sits as a court of equity (Corporate Inv. Co. v. Mt. Vernon Metal Prods. Co., 206 App. Div. 273), and is ‘ guided by equitable rules in its determination of the priorities of the claims. ’ (Davison, v. MacDonald, 124 Mise. 726, 729, aifd. 216 App. Div. 759.) The court must recognize De Nuccio’s equitable estate and concomitant lien (Elterman v. Hyman, 192 N. Y. 113) and that he is thereby a purchaser within the meaning of section 6323 of the Internal Revenue Code.”
As of the date of the foreclosure sale, the interest of the judgment debtor-fee owner was transferred to the surplus moneys. Upon the proceedings had herein, the court is not empowered to allocate any particular portion of the moneys to the liens against the registered portion of the mortgaged premises. (Federal Land Bank of Springfield v. United States of America, 21 A D 2d 936): “ The appellant’s lien was valid and existing at the date of the foreclosure sale, and as such, was transferred to the surplus money proceeding. (Nutt v. Cuming, 155 N. Y. 309, 313.) ”
The attorney for the judgment creditor, Martin Lang Co., Inc., requests fees and disbursements. In addition to the costs allowed to him pursuant to the order of June 30, 1964, he is also allowed a fee of $100 and disbursements of $82.75.
The Referee in this proceeding is allowed a fee of $600, together with disbursements of $35.
As heretofore stated, the claim of Fazio Trucking Corp. in the sum of $323.10 is allowed as the fourth lienor or claimant. The proposed order, as modified by the court, submitted by the attorney for the defendant-claimant Fazio Trucking Corp. is signed.