OPINION OF THE COURT
Con. G. Cholakis, J. .
Defendant Clayton H. Kass was the owner of certain real property located in the Town of Guilderland on which plaintiff and some of the codefendants performed construction work or furnished materials in connection therewith. Upon defendant’s failure to pay, plaintiff and two of the defendants (Meurs and Dutton, Inc., and Bryant Lumber Corporation) filed mechanics’ liens against defendant’s property.
Prior to the filing of plaintiff’s lien, Clayton H. Kass conveyed the property to his wife, defendant Constance S. Kass and she, in turn, conveyed a portion of the property to defendant C.H.K. Construction & Development Corp. (hereinafter C.H.K.). These conveyances were not recorded *331 until after all of the mechanics’ liens mentioned above had been filed.
Following this series of events, the United States of America filed tax liens against defendant C.H.K. and Constance S. Kass bought the property at the tax foreclosure sale and is now, once again, the owner of all the property originally owned by Clayton H. Kass.
Plaintiff commenced this action to (1) declare the conveyance from Clayton H. Kass to Constance S. Kass and the conveyance from her to C.H.K. null and void, and (2) foreclose his mechanic’s lien against all the real property originally owned by Clayton H. Kass. Defendant Bryant Lumber Corporation, in its answer, counterclaims and cross-claims for similar relief. Each of the named defendants has or had an interest in the property as owner, lienor, judgment creditor or mortgagee.
Plaintiff and defendant Bryant Lumber Corporation both move for summary judgment. Defendant Aetna Casualty and Surety Company opposes their motions and cross-moves to dismiss that portion of plaintiff’s complaint which refers to the land sold at the tax foreclosure sale and purchased by Constance S. Kass.
Plaintiff further moves for a default judgment against the defendants who have not appeared in the action.
There appears to be no dispute concerning the validity of the mechanics’ liens or their priority over all other lienors upon that portion of the land conveyed to Constance S. Kass by her husband and retained by her (hereinafter parcel A). It is only the validity and priority of the mechanics’ liens upon that portion of the land conveyed by Constance S. Kass to C.H.K. that is in issue (hereinafter parcel B).
The law is clear that a tax sale of real property conveys all the right, title and interest the tax delinquent had at the time the tax lien attached (US Code, tit 26, § 6339, subd [b], par [2]).
The issue to be decided, therefore, is whether the tax sale extinguished the mechanics’ liens or transferred parcel B subject to them.
*332 The United States has a lien upon all property and rights to property, whether real or personal, for any unpaid taxes (US Code, tit 26, § 6321) and this lien shall arise at the time the tax assessment is made (US Code, tit 26, § 6322). The Internal Revenue Service made assessments against C.H.K. on August 25, 1980 and November 10, 1980, times during which C.H.K. had no interest in parcel B. C.H.K. became the owner of parcel B on February 25,1981 when it received the deed from Constance S. Kass and the tax lien immediately attached to its interest in the property. Meurs & Dutton, Inc., filed its mechanic’s lien on February 23, 1981 (just before the unrecorded conveyance to C.H.K.) and plaintiff and Bryant Lumber Company filed their mechanics’ liens after the unrecorded conveyance but at a time when the record title was still in Clayton H. Kass. After the filing of the mechanics’ liens the deeds were recorded on March 30, 1981 and record title as well as actual title was now in C.H.K. Additional tax assessments were made on April 6 and 24, 1981. Notices of tax liens were filed on May 29, 1981 and October 8, 1981.
The Aetna Casualty and Surety Company argues that the mechanics’ liens were inchoate and therefore subordinate to the Federal tax liens. It relies upon a series of cases which hold that priority is given to liens in the order in which they are perfected so the principle “first in time, first in right” would control (see, e.g., United States v Vermont, 377 US 351; United States v New Britain, 347 US 81). These same cases hold, under Federal interpretation, that a mechanic’s lien is inchoate until such time as it has been reduced to final judgment and while inchoate is subordinate to Federal tax liens. The court will not now quarrel with these cases even though it is aware of conflicting State decisions.
The court shall rely on Federal law for determining the path to be followed.
While the Government is interested in collecting taxes due, it has also shown its desire to protect certain classes of individuals who acquire rights against the defaulting taxpayer prior to the filing of notices of tax liens; mechanic’s lienors are among these classes (US Code, tit 26, § 6323). Since all of the mechanics’ liens in this case were admit *333 tedly filed before the Government had filed its tax liens, they would be superior to the tax liens if they come within this protected class. “The term ‘mechanic’s lienor’ means any person who under local law has a lien on real property * * * for services, labor, or materials furnished in connection with the construction or improvement of such property. For purposes of the preceding sentence, a person has a lien on the earliest date such lien becomes valid under local law against subsequent purchasers without actual notice, but not before he begins to furnish the services, labor, or materials.” (US Code, tit 26, § 6323, subd [h], par [2]; emphasis supplied.)
It therefore appears that the Federal Government has determined, by statute, that the status of a mechanic’s lien shall be determined by local law, not Federal interpretation of its validity. We shall now proceed to analyze the effect of each step under New York State law.
From the papers submitted, the court finds that the mechanics’ liens were all filed at a time where the record title of parcels A and B was in Clayton H. Kass and before any judgment creditors’ liens or mortgages had attached to the property. The subsequent recording of the conveyance of the property to Constance S. Kass and the conveyance of parcel B from her to C.H.K. did not affect the validity of the mechanics’ liens and each grantee took title subject to them (Lien Law, § 13, subd [1]; Reedy Elevator Co. v Monok Co., 171 App Div 653).
The Court of Appeals in Kane Co. v Kinney (174 NY 69, 73) stated “[t]he filing of the notice of lien is the statutory method prescribed by which the party entitled thereto perfects his inchoate right to that interest. That is the manner and mode of procedure in which the right is asserted.”
It therefore seems that under local law the lienors had done all that was necessary to protect themselves against a subsequent purchaser without actual notice.
The Internal Revenue Service thereafter filed Federal tax liens against C.H.K. on May 29, 1981 and October 8, 1981 and sold parcel B to Constance S. Kass at public sale held on December 4, 1981 (times during which the me *334 chanics’ liens were still valid [Lien Law, § 17]) but prior to the commencement of an action to foreclose them.
From the preceding discussion it is clear that each of these liens is valid as against Constance S. Kass (parcels A and B) and C.H.K. (parcel B) and any conveyance by them or in their behalf, during the lifetime of the liens, would be made subject to them.
It is therefore the court’s determination that the mechanics’ liens herein involved were superior to the Federal tax liens and the tax sale to Constance S. Kass conveyed parcel B subject to the mechanics’ liens which are now ordered foreclosed.
The motion of the plaintiff and the cross motion of the defendant Bryant Lumber Corporation for summary judgment foreclosing their mechanics’ liens are hereby granted.
Plaintiff’s further motion for a default judgment against the nonappearing or nonanswering defendants is also granted.
In view of the above, the court will not pass upon the allegations of fraudulent transfers.